**ARIZONA STATE CARPENTERS PENSION TRUST FUND, et al., Plaintiffs–Appellants,**

v.

**CITIBANK (ARIZONA), an Arizona banking corporation, Defendant–Appellee.**

**No. 94–16316.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 1995.

Decided Sept. 27, 1996.

---

Gerald Barrett, Ward, Keenan & Barrett, Phoenix, AZ; Barry E. Hinkle, Van Bourg, Weinberg, Roger & Rosenfeld, Oakland, CA; Keith Overholt, Michael V. Perry, Glenn Hotchkiss, Shimmel, Hill, Bishop & Gruender, Phoenix, AZ; Charles T. Stegall, Lee, Stegall & Katz, Phoenix, AZ, for plaintiffs-appellants.

Daniel Cracchiolo, Daryl Manhart, Ralph D. Harris, David M. Villadolid, Burch & Cracchiolo, Phoenix, AZ, for defendant-appellee.

Before: WALLACE and THOMPSON, Circuit Judges, and SEDWICK,* District Judge.

SEDWICK, District Judge:

The Arizona State Carpenters Pension Trust Fund and two other multi-employee pension trust funds (collectively referred to as "Trust Funds") and their respective trustees ("Trustees") appeal the district court's partial summary judgment and dismissal of their action against Citibank (Arizona) ("Citi-

* Honorable John W. Sedwick, United States District Judge, District of Alaska, sitting by designa-

bank"), brought pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA") and state law, alleging that Citibank breached its custodial agreement by failing to notify the trustees of defaults on payments for investments made by the Trust Funds' investment managers.

The district court exercised jurisdiction pursuant to 29 U.S.C. § 1132(e)(1) and (f) and 28 U.S.C. § 1367. We have jurisdiction over Citibank's timely appeal under 28 U.S.C. 1291. Concluding that Citibank was not an ERISA fiduciary, and that ERISA preempted appellants' state law claims against Citibank, we affirm. Citibank's request for attorney's fees and costs on appeal is granted.

## I. BACKGROUND

### A. Facts

Each Trust Fund is a Taft–Hartley trust fund, formed and operated pursuant to 29 U.S.C. § 186, and an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3). Each Trustee is a "named fiduciary" as that term is used in ERISA § 402(a), 29 U.S.C. § 1102(a).

From its acquisition of the assets and assumption of the liabilities of Great Western Bank through December 31, 1987, Citibank served as a depository and custodial agent for the Trust Funds. Citibank or its predecessors entered into "Custodial Agency Agreements" ("Agreements") with the Trust Funds. The Agreements, which the parties have stipulated are "plan documents" within the meaning of ERISA, required Citibank to perform the following services:

(a) Receive trust fund monies, and pay out trust fund monies as directed by the trustees or their agent.

(b) Receive and hold trust fund investments (and income from investments) for disposition as directed by the trustees or their agent.

tion.

(c) Invest and reinvest trust fund monies as directed by the trustees or their agents.

(d) Furnish regular reports listing (1) daily deposits of employer contributions to the trust funds, (2) the trust fund assets in the custodian bank's custody, (3) cash receipts and disbursements summaries, (4) summaries of sales or exchanges of trust fund assets, and (5) accruals of income to the trust funds.

The Agreements did not require Citibank to provide advice with respect to the Trust Funds' investments. In fact, the Agreements specifically limited Citibank's responsibilities and authority as follows: Citibank was not responsible for the adequacy of employers' contributions and was not obligated to enforce the payment thereof. Citibank had no duty to recommend, select or approve investments or otherwise to furnish advice with respect thereto. In acting upon any written authorization of the Trustees, Citibank was not required to ascertain whether a majority of the Trustees approved such action or whether such action was appropriately taken. Citibank was not responsible for monies or property paid or delivered to any person or company upon the written authorization of the Trustees. Citibank had no duty to prepare income tax returns and no power or duty to determine the rights or benefits of anyone claiming an interest under the Agreements or in the Trust Funds. The Agreements identified both a fund administrator and an investment counsel or manager. The Trustees delegated to each some authority to give directions to Citibank. The Trust Funds' investment manager gave written directions to Citibank to disburse monies to fund all the Trust Funds' investments.

Citibank provided the reports specified and, by tracking the information provided over time, the Trustees had available within those reports the information necessary to ascertain any delinquencies. Citibank also provided the same information, including printouts in a format which pertained to delinquencies, to the investment counsel and to the Trust Funds' auditors.

In 1988, the Trustees, through sources other than Citibank, discovered that the Trust Funds had sustained substantial financial losses because the investment manager had provided imprudent investment advice. The Trustees terminated the investment manager and initiated an action in federal court, pursuant to 29 U.S.C. § 1132(a), against the investment manager to recover losses.

On June 14, 1991, appellants filed the present action against Citibank. An amended complaint filed on August 26, 1991, alleges breach of the custodial agreement through Citibank's failure to notify the Trustees of defaults on interest and principal payments on investments the investment manager made on behalf of the Trust Funds. The first eight counts in the amended complaint are based on ERISA, and the remaining five counts are state law claims based on breach of the custodial agreement, breach of common law fiduciary obligations, breach of the implied covenant of good faith and fair dealing, negligence, and common-law fraud.

Appellants moved for partial summary judgment on the first three counts of the amended complaint, on the grounds that the suit is a federal cause of action under ERISA, that Citibank is an ERISA fiduciary, and that Citibank breached its agreement with appellants by failing to inform the Trustees of the Trust Fund delinquencies. Citibank initially filed a cross-motion for summary judgment and two motions to dismiss under the doctrines of abstention and preemption. Later, Citibank conceded that ERISA applies, arguing instead that Citibank was not an ERISA fiduciary, that Citibank did not breach its agreement with appellants regarding notification of delinquencies, and that ERISA preempts appellants' state law claims.

On February 23, 1994, the district court issued an order holding that ERISA governed the action, but that Citibank was not an ERISA fiduciary. The court denied appellants' motion for partial summary judgment and granted Citibank's cross-motion for partial summary judgment and motion to dismiss.[1] Appellants moved for reconsidera-

---

1. The district court did not address counts four, seven, and eight, because no motions were filed

tion, and the Secretary of Labor moved for leave to file an amicus brief in support thereof, but the court denied both motions. On July 1, 1994, the court entered a judgment of dismissal as to the entire amended complaint.

### B. Statutory Scheme

#### 1. Named and Delegated Fiduciaries

"In enacting ERISA, Congress set out to protect participants in employee benefit plans by establishing standards of conduct, responsibility, and obligations for fiduciaries of employee benefit plans, and by providing for appropriate remedies." *Yeseta v. Baima,* 837 F.2d 380, 383 (9th Cir.1988) (citing *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 41–42, 107 S.Ct. 1549, 1550, 95 L.Ed.2d 39 (1987)).

ERISA permits suits for breach of fiduciary duty only against ERISA defined fiduciaries. *Gibson v. Prudential Ins. Co. of America,* 915 F.2d 414, 417 (9th Cir.1990). Although responsibility originally is vested with the "named fiduciary," ERISA § 402(a), 29 U.S.C. § 1102(a), the named fiduciary may allocate fiduciary responsibility and designate others to carry out fiduciary responsibilities. ERISA § 405, 29 U.S.C. § 1105. Under 29 U.S.C. § 1105(c)(1)(B), "[t]he instrument under which a plan is maintained may expressly provide for procedures .... for named fiduciaries to designate persons other than named fiduciaries to carry out fiduciary responsibilities (other than trustee responsibilities) under the plan."

ERISA § 405(c)(3), 29 U.S.C. § 1105(c)(3) defines ERISA § 405(c)(1)(B)'s use of the term "trustee responsibility" as "responsibility ... to manage or control the assets of the plan ..." Generally, if an ERISA plan expressly provides for a procedure allocating fiduciary responsibilities to persons other than named fiduciaries under the plan, the named fiduciary is not liable for an act or omission of such person in carrying out such

responsibility. ERISA § 405(c)(2), 29 U.S.C. § 1105(c)(2).

A named fiduciary also may delegate responsibility for making investment decisions to an investment manager. *See* ERISA §§ 3(38), 402(c)(3) and 405(b); 29 U.S.C. §§ 1002(38), 1102(c)(3), and 1105(b).

If an investment manager or managers have been appointed under section 1102(c)(3) of this title, then, notwithstanding subsections (a)(2) and (3) and subsection (b) of this section, no trustee shall be liable for the acts or omissions of such investment manager or managers, or be under an obligation to invest or otherwise manage any asset of the plan which is subject to the management of such investment manager.

ERISA § 405(d), 29 U.S.C. § 1105(d).

#### 2. Other Fiduciaries

 ERISA § 3(21), 29 U.S.C. § 1002(21), requires a broad definition of fiduciary. *Credit Managers Ass'n v. Kennesaw Life & Accident Ins. Co.,* 809 F.2d 617, 625 (9th Cir.1987). A fiduciary is "anyone who exercises discretionary authority or control respecting the management or administration of an employee benefit plan." *Kyle Railways, Inc. v. Pacific Admin. Serv., Inc.,* 990 F.2d 513, 516 (9th Cir.1993). Fiduciary status under ERISA is to be construed liberally, consistent with ERISA's policies and objectives. *See John Hancock Mutual Life Ins. v. Harris Trust & Sav. Bank,* 510 U.S. 86, 96, 114 S.Ct. 517, 524, 126 L.Ed.2d 524 (1993). ERISA "defines 'fiduciary' not in terms of formal trusteeship, but in functional terms of control and authority over the plan, *see* 29 U.S.C. § 1002(21)(A), thus expanding the universe of persons subject to fiduciary duties-and to damages-under § 409(a)." *Mertens v. Hewitt Assoc.,* 508 U.S. 248, 262, 113 S.Ct. 2063, 2071, 124 L.Ed.2d 161 (1993) (emphasis omitted).[2]

regarding those claims. The parties later stipulated to dismiss those counts.

**2.** The statute reads:

Except as otherwise provided in subparagraph (B), a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control

respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or

## C. District Court Findings

The district court found that Citibank was not an ERISA fiduciary, for the following reasons: (1) as custodial bank for the Trust Funds, Citibank was bound by the Agreements, and the Agreements gave Citibank no discretionary authority; (2) there was no allocation of managerial responsibility, and Citibank was not permitted to act, and did not act, without the authority of the Trustees or their agents; (3) Citibank was required to follow the investment manager's directions; and (4) Citibank's obligation to report account activities did not constitute the degree of discretion necessary to create a fiduciary relationship. The court cited *Yeseta*, 837 F.2d at 385 (attorneys, accountants, and other professionals are not fiduciaries when they perform their usual professional functions and exercise no discretion over trust); *Painters of Philadelphia Dist. Council No. 21 Welfare Fund v. Price Waterhouse*, 879 F.2d 1146, 1150 (3d Cir.1989) (auditing firm that reviewed information provided by others who actually controlled assets was not a fiduciary); *Brandt v. Grounds*, 687 F.2d 895, 897 (7th Cir.1982) (refusing to impose fiduciary obligation upon bank for performance of nondiscretionary function); and *O'Toole v. Arlington Trust Co.*, 681 F.2d 94, 96 (1st Cir. 1982) (bank acting merely as depository for trust fund, whose responsibility did not include discretionary advisor activities, was not a fiduciary). The court also held that ERISA preempted those claims alleging state causes of action.

## D. Issues Presented

Appellants assert, and we agree, that the appeal presents the following issues:

1. Whether, pursuant to ERISA § 405(c)(1)(B), the trustees delegated to Citibank fiduciary responsibilities to hold, safeguard, and account for the plans' assets and income, thereby making Citibank a fiduciary under ERISA §§ 3(21)(A), 404(a), 405(a), 409(a), and 502(a)(2).

 directionary responsibility in the administration of such plan. Such term includes any person designated under section 1105(c)(1)(B) of this title.

2. Whether, by its actions, decisions, and functions, Citibank exercised sufficient authority and control respecting the management and administration of each plan so as to be a fiduciary.

3. Assuming, arguendo that ERISA does not regulate the parties' relationship, whether ERISA preempts all state causes of action, thereby granting immunity to Citibank for its gross failures.

## II. DISCUSSION

### A. Standard of Review

 Dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6), and summary judgment, pursuant to Fed.R.Civ.P. 56(c), are reviewed *de novo*. *Kyle Railways*, 990 F.2d at 515–17. This court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact, and whether the district court correctly applied the relevant substantive law. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir.1995). This court also reviews *de novo* the question whether ERISA preempts state law. *The Meadows v. Employers Health Ins.*, 47 F.3d 1006, 1008 (9th Cir.1995).

### B. Whether Citibank was an ERISA Fiduciary

#### 1. Delegation of Fiduciary Status

Appellants argue that while Citibank initially had no responsibility for making investment decisions, through the Agreements, the named fiduciaries (the Trustees) delegated to Citibank fiduciary responsibilities (to monitor for and report on material delinquencies). Appellants argue that the ERISA scheme contemplates that under ERISA § 405(c)(2), 29 U.S.C. § 1105(c)(2), the named fiduciary is relieved of its duty of care, and the delegee assumes the duty as a fiduciary and, thus, may be held accountable for the financial losses resulting from any breach of that duty. *See Madden v. ITT Long Term Disability*

ERISA § 3(21)(A); 29 U.S.C. § 1002(21)(A).

*Plan for Salaried Employees,* 914 F.2d 1279, 1283–84 (9th Cir.1990), *cert. denied,* 498 U.S. 1087, 111 S.Ct. 964, 112 L.Ed.2d 1051 (1991) (named fiduciary's delegee became fiduciary when, as expressly authorized in Plan, Board of Directors designated "responsibility for carrying out all phases of the Administration of the Plan"); *Gelardi v. Pertec Computer Corp.,* 761 F.2d 1323, 1325 (9th Cir.1985) (once employer appointed plan administrator and gave it control over benefit plan, employer was no longer fiduciary).

The Agreements do not purport to delegate any fiduciary duty to Citibank, nor do they provide Citibank with independent authority or managerial responsibility over the operation or administration of the Trust Funds. Rather, the Agreements expressly limit Citibank's responsibilities and authority, such that Citibank had no duty to furnish advice with respect to investments, no responsibility for monies or property paid upon written authorization of the Trustees, and no power or duty to determine the rights or benefits of anyone claiming an interest in the Trust Fund. Meanwhile, the Trustees expressly delegated authority to a fund administrator and an investment manager. Therefore, there is no evidence to support appellants' contention that Citibank had been delegated responsibility or authority over the Trust Funds, beyond the non-fiduciary duties set out in the Agreements.

**2. Implied Fiduciary Duty**

Appellants argue that Citibank performed functions which constitute the exercise of discretion within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and thus, Citibank had an implied duty to report delinquencies. Appellants assert that Citibank assumed this duty by devising and controlling its own reporting system, deciding to whom reports would be disseminated, regularly analyzing the delinquency information, deciding whether it suggested a problem serious enough to warrant reporting to the Trustees, and determining that the delinquency information was sufficiently alarming to question the investment manager but then accepting the investment manager's explanations.

A person or entity who performs only ministerial services or administrative functions within a framework of policies, rules, and procedures established by others is not an ERISA fiduciary. To become a fiduciary, the person or entity must have control respecting the management of the plan or its assets, give investment advice for a fee, or have discretionary responsibility in the administration of the plan. *Gelardi,* 761 F.2d at 1325; *Gibson,* 915 F.2d at 417; *Yeseta,* 837 F.2d at 385; *Kyle Railways,* 990 F.2d at 516–18, 29 C.F.R. § 2509.75–8(D–2).[3]

**3.** 29 C.F.R. § 2509.75–8 states in relevant part as follows:

D–2 Q: Are persons who have no power to make any decisions as to plan policy, interpretations, practices or procedures, but who perform the following administrative functions for an employee benefit plan, within a framework of policies, interpretations, rules, practices and procedures made by other persons, fiduciaries with respect to the plan:

(1) Application of rules determining eligibility for participation or benefits;

(2) Calculation of services and compensation credits for benefits:

(3) Preparation of employee communications material;

(4) Maintenance of participants' service and employment records;

(5) Preparation of reports required by government agencies;

(6) Calculation of benefits;

(7) Orientation of new participants and advising participants of their rights and the options under the plan.

(8) Collection of contributions and application of contributions as provided in the plan;

(9) Preparation of reports concerning participants' benefits;

(10) Processing of claims; and

(11) Making recommendations to others for decisions with respect to plan administration?

A: No. Only persons who perform one or more of the functions described in section 3(21)(A) of the Act with respect to an employee benefit plan are fiduciaries. Therefore, a person who performs purely ministerial functions such as the types described above for an employee benefit plan within a framework of policies, interpretations, rules, practices and procedures made by other persons is not a fiduciary because such person does not have discretionary authority or discretionary control respecting management of the plan, does not exercise any authority or control respecting management or disposition of assets of the plan, and does not render investment advice with respect to any money or other property of

Having to make a decision in the exercise of a ministerial duty does not rise to the level of discretion required to be an ERISA fiduciary. *See Mertens v. Hewitt Assoc.*, 948 F.2d 607, 610 (9th Cir.1991), *aff'd*, 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993).

■ Citibank was obliged to furnish the Trustees with reports of account activities. Preparing reports of account activities and determining whether to use a particular format to inform the Trustees of delinquencies do not amount to an assumption of control or authority over the Trust Funds which, by the terms of the Agreements, Citibank did not have. Citibank did provide the Trustees with all information it was required to provide by the Agreements. That it also chose to provide information to the Trustee's named investment manager did not convert Citibank into a volunteer fiduciary. To hold otherwise would discourage depository institutions from voluntarily making information available to fund administrators, investment managers, and other fiduciaries. It would also risk creating a climate in which depository institutions would routinely increase their fees to account for the risk that fiduciary liability might attach to nonfiduciary work. We therefore conclude that Citibank undertook no fiduciary obligation by providing information to the investment manager.

## 3. Preemption of State Law Claims

Appellants argue that ERISA does not preempt their state law causes of action because they do not relate to the employee benefit plan. We disagree.

■ "Congress sought to eliminate the problem of inconsistent state and local regulation in the area of employee benefit plans by enacting express statutory preemption provisions as part of ERISA." *The Meadows*, 47 F.3d at 1008. These provisions "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." ERISA § 514(a), 29 U.S.C. § 1144(a). "The deliberate care with which ERISA's civil enforcement remedies were drafted and the balancing of policies embodied in its choice of

the plan and has no authority or responsibility

remedies argue strongly for the conclusion that ERISA's civil enforcement remedies were intended to be exclusive." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54, 107 S.Ct. 1549, 1556, 95 L.Ed.2d 39 (1987). Therefore, a state law "relates to" an employee benefit plan, "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). *See also Concha v. London*, 62 F.3d 1493, 1504–05 (9th Cir.1995) (ERISA's preemption clause extends to all claims which, directly or indirectly, arise from administration of the plan).

■ On the other hand, "[n]otwithstanding the remarkable legerdemain that has turned a statute designed to protect employees' pension rights into a law that strips them of most of the protection they previously enjoyed under state law, there are limits to the unusually broad preemptive sweep we have afforded ERISA." *Concha*, 62 F.3d at 1505. *See Mackey v. Lanier Collection Agency & Serv., Inc.*, 486 U.S. 825, 826, 108 S.Ct. 2182, 2183, 100 L.Ed.2d 836 (1988). "Some state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw*, 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21. For example, ERISA does not preempt state law claims if plaintiffs have no standing to challenge the ERISA violations. *Harris v. Provident Life and Accident Ins. Co.*, 26 F.3d 930, 933 (9th Cir.1994); *Curtis v. Nevada Bonding Corp.*, 53 F.3d 1023, 1026–27 (9th Cir.1995). Similarly, "[i]f the plaintiff is not a participant, beneficiary, or fiduciary, then his state law claims fall outside ERISA's sphere and are not subject to preemption." *Concha*, 62 F.3d at 1505 (citing *The Meadows*, 47 F.3d at 1009–10; *Scott v. Gulf Oil Corp.*, 754 F.2d 1499, 1505–06 (9th Cir.1985); *Freeman v. Jacques Orthopaedic and Joint Implant Surgery Medical Group, Inc.*, 721 F.2d 654, 655–56 (9th Cir.1983)). In the present case, appellants have standing, and their claims arise from the administration of a covered plan.

to do so. . . .

■ If the claims brought under state law doctrines against a nonfiduciary relate to the employee benefit plan, they are preempted. *See, e.g., Concha,* 62 F.3d at 1493; *Lea v. Republic Airlines, Inc.,* 903 F.2d 624 (9th Cir.1990); *Kyle Railways,* 990 F.2d at 518; *Gibson,* 915 F.2d at 414. Here, appellants have stipulated that the Agreements were "plan documents." Their state law claims arise out of the Agreements. Thus, by appellants' own admission, and in accordance with our own review, those claims "relate to" the benefits plan and therefore are preempted.

### 4. Attorney's Fees

Citibank requests attorney's fees and costs with respect to this appeal, pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1), which permits a discretionary award of "a reasonable attorney's fee and costs of action to either party" in an action "by a participant, beneficiary or fiduciary."

Addressing the issue of whether it was appropriate to award appellate attorney's fees to an employer which was sued by a former employee and which was successful on its defense of preemption by ERISA, this court has stated as follows:

> We, along with most circuits, have followed the case of *Eaves v. Penn,* 587 F.2d 453 (10th Cir.1978), in our interpretation of this section of ERISA. *See Hummell v. S.E. Rykoff & Co.,* 634 F.2d 446, 452–53 (9th Cir.1980) (citing *Eaves* ). *Eaves* identified a five-factor test to be considered in determining whether a fee award appropriate. Courts should look to: 1) the degree of the opposing party's culpability or bad faith; 2) the ability of the opposing party to satisfy an award of fees; 3) whether an award of fees against the opposing party would deter others from acting under similar circumstances; 4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and 5) the relative legal merits of the parties' positions. We have also held, in *Carpenters S. Cal. Admin Corp. v. Russell,* 726 F.2d 1410 (9th Cir.1984), that the *Eaves/Hummell* five-

factor test applies to both plaintiffs and defendants. *See id.* at 1415. We expanded the fee award analysis as to defendants particularly, however, noting that not all factors of the *Eaves/Hummell* tests are "necessarily decisive" or "pertinent in a given case." *Id.* at 1416. Moreover, we required that for a fee application by an ERISA defendant, careful consideration should be given to the seventh circuit's analysis in *Marquardt v. North American Car Corp.,* 652 F.2d 715 (7th Cir.1981), by recognizing "that the *Hummell* factors very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs." *Russell,* 726 F.2d at 1416.

*Tingey v. Pixley–Richards West, Inc.,* 958 F.2d 908, 909 (9th Cir.1992).

■ The first *Eaves/Hummell* factor, the degree of the Trust Funds' culpability or bad faith, weighs in favor of Citibank, especially with respect to the state-law claims. Citibank initially argued that the Trust Funds' federal claims did not arise under ERISA, but later admitted that ERISA applied. The parties then stipulated that the Agreements were "plan documents," leading the district court to hold that ERISA preempted the Trust Funds' state-law breach of contract claims: "[T]he parties have now stipulated that the Agreements are, in fact, plan documents. As plaintiffs recognized in pleading Count one, ERISA contains specific provisions for breach of a Plan." Because the Trust Funds effectively conceded this issue, they acted in bad faith by appealing the district court's decision on that count. Furthermore, the Trust Funds' argument against preemption was frivolous. The Trust Funds argued that if Citibank were not an ERISA fiduciary, then its state-law claims necessarily would fall beyond the reach of ERISA preemption. ERISA preempts state-law claims related to benefit plans, even where the defendant was not an ERISA fiduciary. *See Mertens v. Hewitt Assoc.,* 508 U.S. 248, 251–52, 113 S.Ct. 2063, 2066, 124 L.Ed.2d 161 (1993) (nonfiduciary knowingly took part in breach of fiduciary duty); *id.* at 262–64, 113 S.Ct. at 2072 (White, J., dissenting); *Gibson v. Prudential Ins. Co.,* 915 F.2d 414, 417 (9th Cir.1990) (Congress intended

ERISA "to preempt claims that relate to an employee benefit plan even if the defendant is a nonfiduciary").

The second *Eaves/Hummell* factor, the ability of the Trust Funds to satisfy an award of fees, cannot be applied on the record before us, which does not address the Trust Funds' current financial status. The third factor, whether an award of fees would deter others in similar circumstances, weighs in favor of Citibank. Awarding Citibank appellate attorneys' fees will create a financial deterrent to others who might contemplate bringing actions for breach of fiduciary duties against those who perform merely ministerial functions.

The fourth consideration, whether Citibank sought to benefit all participants and beneficiaries of the plan or to resolve a significant legal question regarding ERISA, is "more appropriate to a determination of whether to award fees to a plaintiff than a defendant." *Tingey v. Pixley–Richards West, Inc.,* 958 F.2d 908, 910 (9th Cir.1992), *quoting Marquardt v. North American Car Corp.,* 652 F.2d 715, 719 (7th Cir.1981). It is therefore neutral in this case. The fifth factor, the relative merits of the parties' positions, weighs heavily in favor of Citibank.

Application of the *Eaves/Hummell* factors demonstrates that an award of appellate attorneys' fees should be made to Citibank, provided that the Trust Funds have the ability to pay the award. The issue of fees is referred to the Appellate Commissioner with directions to determine (1) an appropriate award of fees and (2) whether the Trust Funds are reasonably able to pay such an award. Unless the Appellate Commissioner finds that the Trust Funds lack the ability to pay an award of fees, the Trust Funds shall pay the fees determined by the Appellate Commissioner.

AFFIRMED.