691 A.2d 943

**William C. GARROW, Appellant,**

v.

**CONNECTICUT GENERAL LIFE INSURANCE COMPANY,
Joy Technologies, Inc., Joy Manufacturing Company,
Employees Benefit Plan, Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 17, 1996.

Filed March 26, 1997.

736

Edward A. Olds, Pittsburgh, for appellant.

Stephen M. Elek, Pittsburgh, for appellees.

Before DEL SOLE, POPOVICH and HESTER, JJ.

DEL SOLE, Judge:

Following the denial of a claim for benefits under his employer's long term disability benefits plan, Appellant commenced this lawsuit pursuant to the Employee Retirement Income Security Act, (hereinafter "ERISA"), 29 U.S.C.A. § 1001 et seq. The trial court found that Appellant was so disabled that he was unable to engage in employment within the meaning of the terms of the plan, and that he was entitled to a net award, following the deduction for worker's compensation benefits, of $98,304.32 plus pre-judgment interest at 6% per annum. Both sides filed motions for post-trial relief, but their requests were denied without comment. An appeal was taken by the employee (Appellant) in which he raises the same questions brought before the court in his post-trial motions, namely, whether the court should have made an award of counsel fees and whether he was entitled to an interest rate calculated as provided by federal law, rather than the simple 6% interest, based upon state law, which he was awarded. We find merit to Appellant's claim regarding interest and reverse the trial court's interest award and remand to that court for recalculation. With regard to the claim concerning counsel fees we are hampered by the lack of the trial court's rationale for the denial of the award. We likewise remand this matter to the trial court to consider the merits of such an award in light of the appropriate standards for awarding counsel fees in an ERISA action.

Under the terms of ERISA an award of attorneys' fees is left to the discretion of the trial judge. Section 502(g) of ERISA provides that "the court in its discretion may allow

a reasonable attorney's fee...." 29 U.S.C.S. § 1132(g). In the matter before us we are unable to review the discretionary reasons for the court decision to deny attorneys' fees because the court has not explained the rationale for its decision. The absence of the court's reasoning is particularly troubling with regard to this issue because the courts of this Commonwealth have not yet spoken on the question of recovery attorneys' fees in a ERISA action. We note that various circuit courts have adopted a five factor test to guide a court when exercising its discretion in awarding attorneys' fees under ERISA. The five factors are: (1) the degree of the opposing parties culpability or bad faith; (2) the ability of the opposing party to pay an award of attorneys fees; (3) the potential for deterring others in similar circumstances; (4) the benefit to all plan participants and beneficiaries or the involvement of a significant legal question regarding ERISA; and, (5) the relative merits of the parties' positions. *Maune v. International Brotherhood of Electrical Workers,* 83 F.3d 959 (8th Cir.1996), *Arizona State Carpenters Pension Trust Fund, et al., v. Citibank,* 96 F.3d 1310 (9th Cir.1996), *McPherson v. Employees' Pension Plan of America Re–Insurance Company, Inc.,* 33 F.3d 253 (3d Cir.1994), *Quesinberry v. Life Insurance Company of North America,* 987 F.2d 1017 (4th Cir.1993).

A court in utilizing its discretion when considering an award of attorneys' fees under ERISA must remain mindful that among the Act's purposes, is that it protect the interests of employee benefit plan participants and beneficiaries. 29 U.S.C.A. § 1001a. This is accomplished by the establishment of certain requirements and standards of conduct, as well as by providing appropriate remedies to those who have suffered a loss. 60A Am.Jur.2d *Pensions and Retirement Funds* § 1 (1988). In recognizing the impetus for the enactment of ERISA and in an effort to effectuate its purposes we deem it appropriate for a court to require the losing party to demonstrate why attorneys' fees should not be awarded. In so examining the question, a court may utilize the five factor test set forth above which has been referred to by many circuit courts when considering this issue. Such a policy can serve to

foster the purposes of the Act by eliminating the roadblock of attorneys' fees to those who are rightly entitled to payments under their pension plan, but have been refused such recovery. We do not suggest that attorneys' fees be automatically awarded in each case where an employee is found to be entitled to benefits, however the burden should be on the employer to demonstrate why attorneys' fees should not be awarded. Under the five prong test the employer can demonstrate that it did not act in bad faith, that it is incapable of satisfying the award, that such an award would not serve to deter others from acting as it did, that other plan participants will not be served by such an award, and that it withheld payment because of a legitimate dispute. The court in deciding whether or not to award attorneys' fees can use this five factor approach as a general guideline when determining whether an award is appropriate in any given case.

In the case before us we cannot determine whether the court's decision to deny an award of attorneys' fees was appropriate. For this reason we remand this matter to the trial court for consideration of the attorneys' fees issue. At that time both parties can present to the court their positions in view of the standards for making such an award. Further, on remand, the court can consider Appellees' specific claim that the attorneys' fees Appellant attributes to this matter were not all incurred in this litigation, and are, therefore, nonrecoverable. Thus, on remand the court can determine whether or not to allow for attorneys' fees, setting forth its rationale for such a ruling, and if such fees are awarded it can determine the amount of fees to which Appellant is entitled.

 Appellant further takes issue with the trial court's decision to award him interest at a rate provided under state law. Because ERISA is a federal statute, Appellant submits that the availability of interest should be governed by federal law and that the federal interest rate should apply. The court applied a simple 6% interest award, however under federal law interest is to be computed daily to the date of payment. 28 U.S.C.A. § 1961. We find merit to Appellant's claim that he is

entitled to the compounded interest rate provided under federal law.

ERISA permits a plaintiff to initiate suit in either state court or federal district court by explicitly providing for concurrent federal and state jurisdiction over benefit claims. 29 U.S.C.A. § 1132(e)(1), *Chiro. Nutritional v. Empire Blue Cross*, 447 Pa.Super. 436, 669 A.2d 975 (1995). The preemption provisions of ERISA convert a state claim into a federal question, and "[w]hen state courts entertain federal causes of action, the parties' rights and the defenses which may be raised are defined by federal law." *Id.* at 445, 669 A.2d at 979. Thus, it is appropriate in cases such as this which set forth a claim under ERISA, that the interest rate to be applied is the rate set forth under federal law. Accordingly, on remand the court can recalculate the award applying the proper federal interest rate.

After the trial court sets forth its decision with regard to attorneys' fees and makes appropriate adjustments to the award to account for the federal compound interest rate, any party dissatisfied with the decision will have thirty days to institute a new appeal. We caution the trial court that in the event an appeal is taken, that it set forth the justification for its decision on counsel fees in its Pa.R.A.P.1925(a) statement so that its discretionary decision can be reviewed on appeal.

Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.