# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Opinion Number: 2011-NMSC-002**

**Filing Date: January 3, 2011**

**Docket No. 31,724**

**ALBUQUERQUE COMMONS PARTNERSHIP**,

      **Plaintiff-Petitioner,**

**v.**

**CITY COUNCIL OF THE CITY OF ALBUQUERQUE**,

      **Defendant-Respondent.**

**ORIGINAL PROCEEDINGS ON CERTIORARI**
**Susan M. Conway and William F. Lang, District Court Judges**

Mettler & LeCuyer, P.C.
Stephen T. LeCuyer
Albuquerque, NM

Timothy V. Flynn-O'Brien
Albuquerque, NM

Philip B. Davis
Albuquerque, NM

Bryan Law Firm
George R. Bryan, III
Albuquerque, NM

for Petitioner

Robert M. White
Mark Andrew Hirsch
Albuquerque, NM

Lorenz Law
Alice Tomlinson Lorenz
Albuquerque, NM

1

for Respondent

Law Offices of Jane B. Yohalem
Jane B. Yohalem
Santa Fe, NM

Law Office of William E. Snead
William E. Snead
Albuquerque, NM

for Amicus Curiae
New Mexico Trial Lawyers Association

**OPINION**

**MAES, Justice.**

**{1}** The issue presented in this appeal is whether NMSA 1978, Section 56-8-4(D) (2004), bars an award of post-judgment interest against the state and its political subdivisions when a plaintiff successfully establishes the deprivation of a federally protected constitutional right in violation of 42 U.S.C. § 1983 (2006) (Section 1983). If post-judgment interest is not barred, we must determine whether federal law or state law establishes the proper rate of interest. We conclude that the state and its political subdivisions are not exempt from post-judgment interest because the Legislature plainly intended interest to be awarded "as otherwise provided by statute," Section 56-8-4(D), and a federal statute, 28 U.S.C. § 1961 (2006) (Section 1961), provides for post-judgment interest in Section 1983 actions. We further conclude that the Legislature intended the interest rate set forth in Section 1961 to apply to Section 1983 actions filed in state court. Accordingly, we reverse the judgment of the Court of Appeals.

**I.     BACKGROUND**

**{2}** This is the second time this case has come before us for review. *See Albuquerque Commons P'ship v. City Council of Albuquerque (ACP II)*, 2008-NMSC-025, 144 N.M. 99, 184 P.3d 411. Because the facts of this case are fully explained in our prior opinion, *id.* ¶¶ 3-20, we refer only to those facts that are necessary to resolve the present appeal. In July 1995, Plaintiff Albuquerque Commons Partnership (ACP) commenced this Section 1983 action against Defendant City Council of the City of Albuquerque (the City), claiming, in relevant part, that the City's adoption of a revised site zoning plan on ACP's leasehold property violated ACP's right to substantive and procedural due process of law and constituted a taking in violation of the Fifth Amendment. *Id.* ¶ 15. "In February 2003, ACP's federal procedural due process and takings claims were tried to a jury." *Id.* ¶ 18. The jury found in favor of ACP on both claims, but "[t]he verdict for damages for the takings claim was dismissed pursuant to the election of remedies doctrine, and on April 11, 2003,

2

the district court entered final judgment against the City on the due process verdict in the amount of $8,349,095.00." *Id.*

**{3}**    ACP moved for post-judgment interest, claiming that Section 56-8-4(D), which prohibits the award of post-judgment interest against the state or its political subdivisions except as otherwise provided by statute or common law, is preempted by federal law because it "stands as an obstacle to the accomplishment and execution of the full purposes" and objectives of Section 1983. *Aronson v. Quick Point Pencil Co.*, 440 U.S. 257, 262 (1979) (internal quotation marks and citation omitted).  The district court agreed, finding that "the Supremacy Clause of the United States Constitution requires an award of post-judgment interest, and that the post-judgment interest rate shall be 8 3/4% per annum pursuant to [Section 56-8-4(A)]."   Additionally, the district court determined that ACP was entitled to post-judgment interest "at the statutory rate of 8.75% per annum" on its award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b) (2006).

**{4}**    The City appealed to the Court of Appeals, which reversed the judgment of the district court.  *See Albuquerque Commons P'ship v. City Council of Albuquerque (ACP I)*, 2006-NMCA-143, ¶ 78, 140 N.M. 751, 149 P.3d 67, *rev'd by ACP II*, 2008-NMSC-025, ¶ 60.  However, this Court reversed the judgment of the Court of Appeals and affirmed the judgment of the district court, holding that "the City's decision [to adopt the revised site zoning plan] lacked procedural fairness and did not comport with due process of law." *ACP II*, 2008-NMSC-025, ¶¶ 52, 60.  Accordingly, we remanded the case to the Court of Appeals with direction to address the City's remaining claims, including the City's claim that the district court improperly awarded post-judgment interest under Section 56-8-4 at the statutory rate of "8 3/4% per annum." *Id.* ¶ 60.

**{5}**    On remand, the Court of Appeals affirmed the jury's award of damages in the amount of $8,349,095 and the district court's award of attorneys' fees and costs under 42 U.S.C. § 1988, but "reverse[d] the award of post-judgment interest." *Albuquerque Commons P'ship v. City Council of Albuquerque (ACP III)*, 2009-NMCA-065, ¶ 4, 146 N.M. 568, 212 P.3d 1122.  The Court held that the City was exempt from an award of post-judgment interest under Section 56-8-4(D) because Section 1961, which provides for the award of post-judgment interest on Section 1983 claims filed in federal court, does not apply to "Section 1983 claim[s] filed in state court." *ACP III*, 2009-NMCA-065, ¶ 53; *see also* 28 U.S.C. § 1961(c)(4) ("This section shall not be construed to affect the interest on any judgment of any court not specified in this section.").  In arriving at its conclusion, the Court rejected ACP's claim that Section 56-8-4(D) conflicts with the remedial objectives of Section 1983, opining that "[t]he remedial objectives of Section 1983 are certainly achieved when a plaintiff successfully brings suit for damages against the state to vindicate constitutional rights.  The recovery of post-judgment interest operates only as an enforcement mechanism to encourage the timely payment of damages after judgment has been entered." *ACP III*, 2009-NMCA-065, ¶ 57.  In light of its conclusion that the district court improperly awarded post-judgment interest to ACP, the Court did not reach the question of "whether the interest was properly assessed according to the state, and not the federal, interest rate." *Id.*

3

**{6}** ACP filed a petition for writ of certiorari, which we granted pursuant to NMSA 1978, Section 34-5-14(B) (1972) and Rule 12-502 NMRA. *Albuquerque Commons P'ship v. City Council of Albuquerque*, 2009-NMCERT-007, 147 N.M. 363, 223 P.3d 360.

## II.    STANDARD OF REVIEW

**{7}** To determine whether the state and its political subdivisions are exempt from post-judgment interest on money damages awarded in a Section 1983 action and the applicable interest rate, if any, we must examine Section 56-8-4, which governs interest "on judgments and decrees for the payment of money." Section 56-8-4(A). "Statutory construction is a matter of law we review de novo." *State v. Nick R.*, 2009-NMSC-050, ¶ 11, 147 N.M. 182, 218 P.3d 868. "The principal command of statutory construction is that the court should determine and effectuate the intent of the legislature using the plain language of the statute as the primary indicator of legislative intent." *State v. Ogden*, 118 N.M. 234, 242, 880 P.2d 845, 853 (1994) (citation omitted). "We may only add words to a statute where it is necessary to make the statute conform to the legislature's clear intent, or to prevent the statute from being absurd." *State v. Maestas*, 2007-NMSC-001, ¶ 15, 140 N.M. 836, 149 P.3d 933.

## III.    DISCUSSION

**{8}** "[P]ost-judgment interest is routinely awarded in Section 1983 cases filed in federal court." *ACP III*, 2009-NMCA-065, ¶ 53. Indeed, "[o]nce a judgment is obtained, interest thereon is mandatory" pursuant to Section 1961. *Transpower Constructors v. Grand River Dam Auth.*, 905 F.2d 1413, 1424 (10th Cir. 1990) (internal quotation marks and citation omitted); *see* 28 U.S.C. § 1961(a) ("Interest *shall* be allowed on any money judgment in a civil case recovered in a district court." (emphasis added)). The City therefore concedes that, if ACP's Section 1983 claim had been litigated in federal court, then ACP would be entitled to an award of post-judgment interest under Section 1961(a).

**{9}** However, the Court of Appeals held that Section 1961 does not apply to Section 1983 actions filed in state court. *ACP III*, 2009-NMCA-065, ¶ 53; *see also* 28 U.S.C. § 1961(c)(4) ("This section shall not be construed to affect the interest on any judgment of any court not specified in this section.")*; Gaulin v. Comm'r of Pub. Welfare*, 505 N.E.2d 898, 901 (Mass. App. Ct. 1987) (noting that "Section 1961 cannot be directly invoked" in state court, but nonetheless concluding that "the liability of the state for post-award interest is alike regardless of the forum"). Neither ACP nor Amicus Curiae New Mexico Trial Lawyers Association (NMTLA) challenge this conclusion on appeal.

**{10}** Instead, ACP and NMTLA claim that Section 56-8-4(D) incorporates Section 1961 by reference because it permits an award of post-judgment interest against the state and its political subdivisions "as otherwise provided by statute." Section 56-8-4(D). Alternatively, ACP and NMTLA argue that Section 56-8-4(D)'s bar on post-judgment interest frustrates the remedial purpose of Section 1983 and, therefore, violates the Supremacy Clause of the

4

United States Constitution. Additionally, ACP argues that Section 56-8-4(D) violates the Equal Protection Clause of the United States Constitution, because it "creates several classes of civil rights victims with state court [Section] 1983 judgments, resulting in irrationally inconsistent entitlements to post-judgment interest."

{11} The City responds that the statutory phrase, "otherwise provided by statute," in Section 56-8-4(D) refers exclusively to *state* statutes, and therefore the state and its political subdivisions are exempt from post-judgment interest on Section 1983 actions filed in state court. Additionally, the City claims that the Section 56-8-4(D) bar on post-judgment interest does not violate the Supremacy Clause of the United States Constitution, because Congress explicitly exempted state court judgments from post-judgment interest under the plain language of Section 1961(c)(4). The City further argues that ACP's unpreserved equal protection claim lacks merit, because Section 56-8-4(D) is rationally related to a legitimate government interest, namely, protection of government funds.

**A.    Whether the City Is Exempt From Post-Judgment Interest Under Section 56-8-4(D)**

{12} We begin our analysis with Section 56-8-4(A), which provides, in relevant part, that "[i]nterest shall be allowed on judgments and decrees for the payment of money from entry and shall be calculated at the rate of eight and three-fourths percent per year." Thus, "[p]ostjudgment interest on judgments and decrees for payment of money is mandatory and accrues at the statutory rate from the date of entry of judgment." *Sunwest Bank v. Colucci*, 117 N.M. 373, 379, 872 P.2d 346, 352 (1994). However, subsection (D) of Section 56-8-4 provides that "[t]he state and its political subdivisions are exempt from" an award of post-judgment interest "*except as otherwise provided by statute or common law*." (Emphasis added.) Thus, post-judgment interest is generally available to successful plaintiffs under subsection (A) of Section 56-8-4, but subsection (D) bars the collection of interest against government defendants unless otherwise provided by "statute or common law."

{13} To resolve the claim on appeal, we must determine whether the statutory language "as otherwise provided" in Section 56-8-4(D) refers solely to *state* statutes and common law or whether it contemplates *federal* statutes and common law as well. In interpreting Section 56-8-4(D), our primary focus is the plain language of the statute, and we refrain from adding words to the statutory text unless necessary to conform the statute to legislative intent or to prevent an absurd result. *See Maestas*, 2007-NMSC-001, ¶ 15; *Ogden*, 118 N.M. at 242, 880 P.2d at 853. Section 56-8-4(D) provides that the bar on post-judgment interest is not applicable where "statute or common law" dictates otherwise.

{14} Accordingly, post-judgment interest may be collected against the state and its political subdivisions where "statute or common law" so permits. The City would have us read "statute" to mean "*state* statute," thereby removing federal law permitting the collection of post-judgment interest from the purview of the exception. Such a construction, however, forces us to add words to the statutory text. We discouraged such a practice in *Maestas* and,

5

accordingly, decline to supplement the statutory text in the present instance. 2007-NMSC-001, ¶ 15. Rather, we look to the plain language which does not limit the scope of applicable law to *state* statutes. Because Section 56-8-4(D) contains no limiting language, we conclude that political subdivisions enjoy immunity from post-judgment interest except where state or federal statutes provide "otherwise."

**{15}** We next must determine whether the Legislature intended Section 1961 to constitute law which "otherwise" provides for post-judgment interest against a governmental defendant. When the Legislature enacts a statute we presume that "it is aware of existing statutes." *State v. Marquez*, 2008-NMSC-055, ¶ 7, 145 N.M. 1, 193 P.3d 548; *accord Inc. Cnty. of Los Alamos v. Johnson*, 108 N.M. 633, 634, 776 P.2d 1252, 1253 (1989) ("We presume that the legislature is well informed as to existing statutory and common law . . . ."). In 1983, the Legislature rewrote Section 56-8-4 such that "it allowed interest on judgments generally, but exempted the state from its provisions except as otherwise provided by law." *Folz v. State*, 115 N.M. 639, 641, 857 P.2d 39, 41 (Ct. App. 1993). *Compare* 1980 N.M. Laws, ch. 68, § 2 (prior version of Section 56-8-4), *with* 1983 N.M. Laws, ch. 254, § 2 (adding Section 56-8-4(D), exempting government defendants from paying interest). In 1983, federal statutes awarding post-judgment interest had long been in existence; indeed, the provision that was later codified as Section 1961 was enacted in 1842. *See Brock v. Richardson*, 812 F.2d 121, 125 & n.4 (3d Cir. 1987) (noting Act of August 23, 1842, ch. 188, § 8, 5 Stat. 516, 518 is a predecessor statute to Section 1961).

**{16}** When interpreting Section 56-8-4(D), we conclude the Legislature enacted Section 56-8-4(D) against the backdrop of federal legislation that permitted the collection of post-judgment interest. Therefore, in Section 1983 actions, we read the two statutory provisions in harmony. We hold that the Legislature contemplated Section 1961 as law which "otherwise" provides for post-judgment interest against the "state and its political subdivisions" within the meaning of Section 56-8-4(D); accordingly, where a plaintiff prevails in a Section 1983 action, Section 56-8-4(D) incorporates the award of post-judgment interest from Section 1961.

**{17}** We also note that this interpretation places Section 56-8-4(D) in harmony with Section 1983 and its remedial goals. A central objective of Section 1983 is to enable "those deprived of their civil rights to recover *full compensation* from the governmental officials responsible for those deprivations." *Felder v. Casey*, 487 U.S. 131, 153 (1988) (emphasis added), *superseded by statute on other grounds as stated in Higgason v. Stogsdill*, 818 N.E.2d 486, 489 (Ind. Ct. App. 2004); *see also Hardin v. Staub*, 490 U.S. 536, 539 (1989) (noting that the chief goals of Section 1983 are "*compensation* and deterrence" (emphasis added)); *Burnett v. Grattan*, 468 U.S. 42, 53 (1984) (identifying compensation as a goal of federal civil rights legislation). Thus, Section 1983 is intended to secure full compensation for litigants deprived of their civil rights.

**{18}** Where a judgment is not timely satisfied, post-judgment interest is a key element of full compensation. The Court of Appeals held below that post-judgment interest serves

6

"only as an enforcement mechanism" which encourages prompt payment of judgments. *ACP III*, 2009-NMCA-065, ¶ 57. In light of this view, the Court held that post-judgment interest is unnecessary to ensure the achievement of Section 1983's remedial objectives. *ACP III*, 2009-NMCA-065, ¶ 57. We disagree. Both the U.S. Supreme Court and our Court of Appeals have emphasized that post-judgment interest serves as more than an enforcement mechanism—it ensures that a monetary award does not erode in value over time. *See Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835-36 (1990) ("[T]he purpose of postjudgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." (alteration in original) (internal quotation marks and citation omitted)); *accord Bird v. State Farm Mut. Auto. Ins. Co.*, 2007-NMCA-088, ¶ 42, 142 N.M. 346, 165 P.3d 343 (concluding that an award of post-judgment interest compensates "the plaintiff for being deprived of compensation from the time of the judgment until payment . . . by the defendant" (internal quotation marks and citation omitted)). Where the passage of time has diminished the value of a plaintiff's award, post-judgment serves to restore the award to its proper value. Section 1983's central goal of providing "full compensation" to those deprived of their civil rights would be undercut if post-judgment interest were not awarded. The restorative effect of post-judgment interest is necessary to ensure "full compensation" is remitted. These considerations bolster our conclusion that Section 56-8-4(D) contemplates Section 1961 as law which "otherwise" provides for post-judgment interest against the "state and its political subdivisions."

**{19}** The City argues that ACP is not entitled to post-judgment interest because subsection (c)(4) of Section 1961 prevents the application of the statute in state courts. Subsection (c)(4) states that Section 1961 "shall not be construed to affect the interest on any judgment of any court not specified in this section." The City contends that this subsection conclusively limits the application of Section 1961 to the federal courts.

**{20}** We recognize that subsection (c)(4) has been taken to mean that Section 1961 cannot be "directly invoked" in state courts. *Gaulin*, 505 N.E.2d at 901. However, our holding does not rely on the direct application of the federal statute in state court. We rely instead on our own state law, interpreting Section 56-8-4(D) to permit an award of post-judgment interest against the state and its political subdivisions pursuant to a "statute" (in this case, Section 1961(a)) which "otherwise" permits.

**B.    Whether Section 56-8-4(A) or Section 1961 Establishes the Proper Rate of Interest**

**{21}** Having found that ACP is entitled to an award of post-judgment interest, we next consider what rate of interest is to apply. Section 56-8-4(A) and Section 1961 each provide for a distinct rate of interest. Section 56-8-4(A) calculates interest "at the rate of eight and three-fourths percent per year." By contrast, Section 1961 provides for interest at a floating rate "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the

7

date of the judgment." (Footnote omitted.) ACP and NMTLA contend that Section 56-8-4(A)'s static 8 3/4% rate, as opposed to the floating federal rate specified in Section 1961, is applicable.

**{22}** We note that if the rate dictated by Section 1961 is to apply, it does not apply directly. *See* 28 U.S.C. § 1961(c)(4); *Gaulin*, 505 N.E.2d at 901 (noting that "Section 1961 cannot be directly invoked" in state court). Rather, Section 1961's rate may be applicable by means of the exception provided in Section 56-8-4(D), as law which "otherwise" provides for post-judgment interest against the "state and its political subdivisions." The question, therefore, is whether to apply the 8 3/4% rate contained in Section 56-8-4(A) or to apply Section 1961's floating rate incorporated by reference in Section 56-8-4(D).

**{23}** When faced with two provisions addressing the same topic, we resort to a familiar principle of statutory construction: "a statute dealing with a specific subject will be considered an exception to, and given effect over, a more general statute." *Stinbrink v. Farmers Ins. Co. of Ariz.*, 111 N.M. 179, 182, 803 P.2d 664, 667 (1990); *accord Schultz ex rel. Schultz v. Pojoaque Tribal Police Dep't*, 2010-NMSC-034, ¶ 14, __ N.M. __, __ P.3d ___.

**{24}** Section 56-8-4 is structured such that subsection (A) provides 8 3/4% as the general rate of post-judgment interest and subsequent provisions govern special circumstances. For instance, where judgment is rendered on an instrument bearing a particular rate of interest or where tortious or willful conduct is involved, the general 8 3/4% rate provided in subsection (A) does not govern. *See* § 56-8-4(A). Likewise, Section 56-8-4(D) also governs a special circumstance—where post-judgment interest is sought from the state or its political subdivisions. Specific provisions govern over general provisions. *See Schultz*, 2010-NMSC-034, ¶ 14. Because subsection (D) governs a special circumstance, where post-judgment interest is sought from a government defendant, it acts as an exception to the general rule of subsection (A). Accordingly, the floating rate for federal actions set out in Section 1961 and incorporated by reference in subsection (D) controls.

**{25}** We note that other jurisdictions have applied the post-judgment interest rate defined by Section 1961 instead of the rate defined by state law in order to preserve the uniformity of federal remedies. *See Militello v. Ann & Grace, Inc.*, 576 N.E.2d 675, 679 (Mass. 1991) (applying the Section 1961 rate in a case brought under federal maritime law "[b]ecause of the need for consistency"); *Turner v. CSX Transp., Inc.*, 878 N.Y.S.2d 543, 545 (Sup. Ct. 2009) (applying federal post-judgment interest rate in a Federal Employer's Liability Act case in order to promote uniformity of federal remedy); *see also Garrow v. Conn. Gen. Life Ins. Co.*, 691 A.2d 943, 945-46 (Pa. Super. Ct. 1997) (applying federal law to determine *pre*-judgment interest rate in a federal Employee Retirement Income Security Act case). Interpreting Section 56-8-4(D) to reference the floating federal interest rate ensures uniform results under Section 1983 in this state. Litigants will receive the same award of post-judgment interest regardless of whether they proceed in state or federal court.

## IV. CONCLUSION

**{26}** We conclude that Section 56-8-4(D) contemplates Section 1961 as law which "otherwise" provides for the award of post-judgment interest against the state and its political subdivisions. Accordingly, we reverse the judgment of the Court of Appeals that ACP was not entitled to post-judgment interest. A plaintiff who has successfully obtained a judgment under Section 1983 is entitled to interest pursuant to the rate specified in Section 1961(a).

**{27}   IT IS SO ORDERED.**

 

_____
**PETRA JIMENEZ MAES, Justice**

**WE CONCUR:**

_____
**CHARLES W. DANIELS, Chief Justice**

_____
**PATRICIO M. SERNA, Justice**

_____
**RICHARD C. BOSSON, Justice**

_____
**EDWARD L. CHÁVEZ, Justice**

**Topic Index for _Albuquerque Commons Partnership v. City Council of the City of Albuquerque_, Docket No. 31,724**

| **ST** | **STATUTES** |
|--------|--------------|
| ST-AP | Applicability |
| ST-CS | Conflicting Statutes |
| ST-IP | Interpretation |
| ST-LI | Legislative Intent |
| ST-RC | Rules of Construction |
| | |
| **JM** | **JUDGMENT** |
| JM-IN | Interest |