TIMOTHY L. GARCIA, Judge (dissenting).
 

 TIMOTHY L. GARCIA, Judge
 

 {23} I respectfully dissent in this case. Section 66-3-901 did not provide an additional,
 independent criminal basis to violate the Motor Vehicle Code and thereby establish reasonable suspicion for Deputy Martinez to stop Defendant's vehicle. Because the majority's ruling is one of "first impression" and focuses on statutory construction to arrive at a right for any reason determination, my analysis shall address each distinct issue separately.
 

 {24} First, both the majority and I could find no New Mexico case to support the position that Section 66-3-901 provides an independent basis to establish a "criminal violation" of the Motor Vehicle Code, either in general or specifically, and that the present state of our judicial precedent only recognizes criminal lighting violations that are based upon the specific lighting requirements set forth in Sections 66-3-801 to -805.
 
 See
 
 Majority Opinion, ¶¶ 16-19. The original predecessor to Section 66-3-901 was NMSA 1953, Section 64-21-1(a) (1953). Historically, a statutory requirement for safety inspections and certificates also existed and required a state approval certificate for all motor vehicles.
 
 See
 
 NMSA 1953, § 64-21-2 to -4 (1953).
 

 {25} Under the statutory scheme involving an official certificate of inspection and approval, our Supreme Court recognized that civil liability could exist against the owner of an uncertified vehicle in order to establish a presumption of civil negligence based upon the "defective condition of the brakes" and the requirements of Sections 64-21-1 to -8 (1953).
 
 See
 

 Ferran v. Jacquez
 
 ,
 
 1961-NMSC-072
 
 , ¶¶ 5, 7, 12-18,
 
 362 P.2d 519
 
 (recognizing the potential for civil liability against the owner of an uncertified vehicle, a misdemeanor offense under NMSA 1953, Section 64-20-1 (1953), when the owner's son lent the uncertified vehicle to another person and it quickly caused an accident due to defective condition of the brakes). However, our appellate courts have never recognized Section 64-21-1 (1953) and its present-day successor, Section 66-3-901, as the basis for establishing a misdemeanor crime arising from a lighting equipment violation that is more specifically addressed under the other provisions of the Motor Vehicle Code. Majority Opinion ¶¶ 17-18;
 
 see
 

 State v. Creech
 
 ,
 
 1991-NMCA-012
 
 , ¶ 12,
 
 111 N.M. 490
 
 ,
 
 806 P.2d 1080
 
 (recognizing that the detention of a motor vehicle "is forbidden" unless the officers have probable cause, or at least reasonable suspicion, to believe that the vehicle is "subject to seizure under applicable
 
 criminal laws
 
 " (emphasis added) (internal quotation marks and citation omitted)). As emphasized below, the majority's
 
 sua sponte
 
 criminal expansion of Section 66-3-901 on a right for any reason basis appears to be an error because it prioritizes this general statute over conflicting wording contained in the more specific lighting equipment statutes.
 

 {26} Second, the right for any reason doctrine only applies when it is not unfair to the appellant.
 
 See
 

 Gallegos
 
 ,
 
 2007-NMSC-007
 
 , ¶ 26,
 
 152 P.3d 828
 
 (recognizing that the appellate courts "will affirm the trial court's decision if it was right for any reason so long as it is not unfair to the appellant"). In this case of first impression, it would be unfair to Defendant to expand Section 66-3-901 to establish an independent criminal basis for liability under the Motor Vehicle Code when Defendant had no opportunity to respond to the majority's new argument addressing the application of various principles of statutory construction.
 
 See
 

 Freeman v. Fairchild
 
 ,
 
 2015-NMCA-001
 
 , ¶ 29,
 
 340 P.3d 610
 
 (recognizing that it is unfair to apply the right for any reason doctrine where the appellant "had no opportunity ... to respond to the unasserted argument").
 

 {27} Third, by applying the appropriate rule of statutory construction, Section 66-3-901 would not establish an independent criminal basis for vehicle lighting violations under the Motor Vehicle Code.
 
 See
 

 State v. Blevins
 
 ,
 
 1936-NMSC-052
 
 , ¶ 12,
 
 40 N.M. 367
 
 ,
 
 60 P.2d 208
 
 (agreeing "that all of the canons of interpretation that apply to civil statutes apply to criminal statutes, ... [including] the canon that they are to be strictly construed[, therefore] ... the special statute controlled the general act, and the government had no election as to which it would proceed [to prosecute] under, the question being a judicial one"). The critical language in Section 66-3-901 is very general and broadly worded, in that it restricts the driving of any motor vehicle on any highway "unless the equipment upon every vehicle is in good working
 order and adjustment
 
 as required in the Motor Vehicle Code
 
 [
 
 Section 66-1-1
 
 ]." (Emphasis added.) The majority does not dispute that there are numerous vehicle equipment provisions set forth in the Motor Vehicle Code that address the specific conditions and functionality of various equipment on a vehicle, and the only specific statutory basis for misdemeanor lighting violations applicable in the present case are set forth in Sections 66-3-801 to -805.
 
 See
 
 Majority Opinion ¶¶ 8-18.
 

 {28} When applying the general/specific rule of statutory construction to the conflicting language between Sections 66-3-801 to -805 (the more specific statutes) and Section 66-3-901 (the general statute), the more specific statutory provisions would take precedence over the general statute so that the two statutes will be harmonized and each is given effect.
 
 See
 

 Albuquerque Commons P'ship v. City Council of City of Albuquerque
 
 ,
 
 2011-NMSC-002
 
 , ¶ 23,
 
 149 N.M. 308
 
 ,
 
 248 P.3d 856
 
 ("When faced with two provisions addressing the same topic, we resort to the familiar principle of statutory construction: a statute dealing with a specific subject will be considered an exception to, and give effect over, a more general statute." (internal quotation marks and citations omitted));
 
 State v. Santillanes
 
 ,
 
 2001-NMSC-018
 
 , ¶ 18,
 
 130 N.M. 464
 
 ,
 
 27 P.3d 456
 
 (recognizing the general/specific rule of statutory construction to apply in circumstances where "conduct in one group of statutes resulted in an irreconcilable conflict with the apparent criminalization of the same conduct in another statute");
 
 State v. Cleve
 
 ,
 
 1999-NMSC-017
 
 , ¶ 25,
 
 127 N.M. 240
 
 ,
 
 980 P.2d 23
 
 (acknowledging that "the general/specific statute rule determines whether the Legislature intended to limit the discretion of the prosecutor in its selection of charges"). Here, the two statutes are factually in conflict because a vehicle with a taillight bulb that is not "in good working order" in violation of Section 66-3-901 can still emit sufficient lighting from other bulbs to be "plainly visible from a distance of five hundred feet to the rear" pursuant to Section 66-3-805(A).
 
 See
 

 State ex rel. Madrid v. UU Bar Ranch Ldt. P'ship
 
 ,
 
 2005-NMCA-079
 
 , ¶ 20,
 
 137 N.M. 719
 
 ,
 
 114 P.3d 399
 
 (recognizing that "the general/specific rule of statutory construction is only applicable when the two statutes are in conflict");
 
 State ex rel. Stratton v. Gurley Motor Co.
 
 ,
 
 1987-NMCA-063
 
 , ¶ 9,
 
 105 N.M. 803
 
 ,
 
 737 P.2d 1180
 
 (emphasizing that the "specific statute controls over a general statute dealing with the same subject matter [and] ... the same conduct ... [where] conflicting statutory provisions [exist and the] ... repugnancy cannot possibly be harmonized" (citations omitted)).
 

 {29} Because Deputy Martinez never determined whether Defendant's right taillight was sufficiently illuminated by the other bulb to be visible from a distance of 500 feet to the rear, the majority has already determined that a violation of the more specific statute, Section 66-3-805(A), cannot stand even if a violation of the more general statute, Section 66-3-901 can be recognized. Majority Opinion ¶¶ 9, 18-19. As a result, the majority's "right for any reason" determination recognizing an ability to prosecute Defendant under Section 66-3-901 clearly violates the general/specific rule of statutory construction and effectively makes Section 66-3-805(A) irrelevant and incapable of harmonization with Section 66-3-901 in this case.
 
 See
 

 Cleve
 
 ,
 
 1999-NMSC-017
 
 , ¶ 18,
 
 980 P.2d 23
 
 (recognizing that the Legislature did not intend for the general criminal statute protecting cruelty to animals to apply to hunting activities governed by specific game and fish statutes);
 
 Blevins
 
 ,
 
 1936-NMSC-052
 
 , ¶¶ 7, 13,
 
 60 P.2d 208
 
 (reversing the defendant's conviction under the more general statute by applying "the rule [that] is stated as follows: Where there is one statute dealing with a subject in general and comprehensive terms, and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to give effect to a consistent legislative policy; but to the extent of any necessary repugnancy between them, the special statute, or the one dealing with the common subject matter in a minute way, will prevail over the general statute, unless it appears that the [L]egislature intended to make the general act controlling");
 
 State v. Parson
 
 ,
 
 2005-NMCA-083
 
 , ¶¶ 14-19,
 
 137 N.M. 773
 
 ,
 
 115 P.3d 236
 
 (addressing the continuing validity of the general/specific rule applied in
 
 Cleve
 
 and its continuing application
 to crimes involving free-roaming, wild animals). As a result, the Defendant was not subject to criminal prosecution under Section 66-3-901 of the Motor Vehicle Code. This general statute, requiring equipment in good working order, was not a proper "right for any reason" alternative basis to establish reasonable suspicion that a crime was being committed and authorize Deputy Martinez to stop Defendant's vehicle.
 

 {30} In conclusion, I do not concur with the result reached by the majority, and Defendant's conviction should be reversed.