740 P.2d 120

**Hersel WELTY and Irene Welty, Plaintiffs-Appellants,**

**v.**

**WESTERN BANK OF LAS CRUCES, a New Mexico corporation, Defendant-Appellee.**

**No. 16883.**

Supreme Court of New Mexico.

July 30, 1987.

H. Gregg Privette, Truth or Consequences, for plaintiffs-appellants.

Martin, Cresswell, Hubert, Hernandez & Roggow, Charles W. Cresswell, Beverly J. Singleman, Las Cruces, for defendant-appellee.

## OPINION

RANSOM, Justice.

Plaintiffs Hersel and Irene Welty (Welty) appeal from a summary judgment which quieted title to two real properties in Western Bank of Las Cruces (Western Bank), a successor trustee to the Mims Trust which originally sold the properties. The judgment denied Welty a claim for damages for slander of title on the original complaint. Welty filed this appeal. We affirm.

Welty was the purchaser/assignee under two real estate contracts requiring annual payments of $395 due each March 5th and $430 due each October 1st. The contracts were for lots five and six, and for lots eight and nine, respectively. The record is un-clear as to when Welty made the last payment on the contract for lots eight and nine. However, a predecessor trustee, Western Bank of Truth or Consequences, notified Welty on April 18, 1978, that the contract for lots eight and nine was in default. A payment was made on May 16, 1978.[1] This Court, therefore, infers that Welty made the October 1977 payment on May 16, 1978. From and after October 1978, Welty was in default on the contract for lots eight and nine. Welty defaulted on the other contract when he failed to make the March 5, 1978 payment of $395.

Each contract permits the seller, at his option, to either terminate the contract or accelerate the payments upon default and written demand for payment. After Western Bank became trustee, it notified Welty of the default on August 2, 1983. Both real estate contracts were terminated on March 27, 1984, when the special warranty deeds were removed from escrow and recorded.

In May of 1985, Welty filed a petition for damages for slander of title against Western Bank. Western Bank denied Welty's claim and counterclaimed to quiet title to the two real properties in the name of Western Bank as trustee for the Mims Trust. On June 18, 1986, Western Bank filed its motion for summary judgment, supporting it with the affidavit of the bank's trust officer and relevant documents attached to the pleadings. The motion was opposed by the affidavit of Mr. Welty. After a hearing, the district court granted the motion, quieting title to the properties in Western Bank and denying Welty's original claim for damages.

The district court found that Welty defaulted on the two real estate contracts which were assets of the Mims Trust and that Western Bank, as trustee, timely terminated Welty's interest under the contracts when it took delivery of the special

1. On August 2, 1983 when Western Bank again notified Welty of this default, the letter stated that the "payment record at Western Bank, truth or consequences, ... shows ... [the] last ... payment [was made] ... on May 16, 1978." The determination of this date is unclear since the record did not contain a copy of the payment record. However, the trial court based its judgment upon this date, and, without the proper challenge, we are bound by the findings of the trial court. See SCRA 1986, 12-213(A)(3).

warranty deeds from the escrow agent in March 1984. In the exercise of its equitable powers, the district court granted Welty an option to recover the properties by paying the total sums outstanding under the two real estate contracts. The court so held because the bank delayed in enforcing its rights. If payment were timely made, the default would be cured and title would be transferred to Welty free and clear of any claims by the bank; however, if Welty declined to pay by December 16, 1986, Western Bank would be the owner of the properties in fee simple. Welty did not cure the default, but instead filed its notice of appeal.

Western Bank requests this Court to dismiss the appeal due to Welty's failure to follow several rules of appellate procedure. While we consider Welty's failures in this regard to be significant and worthy of censure, we dispose of this appeal on the merits. *See Trujillo v. Tanuz*, 85 N.M. 35, 38, 508 P.2d 1332, 1335 (Ct.App.1973).

Welty maintains that Western Bank was barred from terminating the contracts by reason of the six-year statute of limitations on written contracts. NMSA 1978, § 37-1-3(A) (Orig.Pamp. and Cum.Supp.1986). Welty argues that the contract on lots five and six was only current to April 7, 1977, and that Western Bank's August 1983 notification was untimely since the bank's action occurred more than six years after Welty's last payment in 1977. It is further argued that since the special warranty deeds were incidental to the debt and could not exist independently, the deeds should be extinguished, just as the Court did in *Griffith v. Humble*, 46 N.M. 113, 122 P.2d 134 (1942), where the issue was whether an existing mortgage should be extinguished when the debt was barred by the statute of limitations.

■ The statute of limitations did not bar Western Bank's action to terminate the real estate contracts. The statute of limitations on written contracts is six years. NMSA 1978, § 37-1-3(A). In a breach of contract action, the statute of limitations begins to run from the time of the breach. *Smith v. Galio*, 95 N.M. 4, 6, 617 P.2d

1325, 1327 (Ct.App.1980); *see generally* 54 C.J.S. *Limitations of Actions* § 125 (1948). With regard to the real estate contract for lots five and six, Welty is incorrect in claiming that the default occurred on April 7, 1977. The collection slip shows only that the 1977 payment brought the interest on the contract current to April 7, 1977. As stated earlier, the first default occurred when Welty failed to make the March 5, 1978 payment of $395.

■ Each contract provided that, should Welty continue in default for thirty days after written demand for payment, the seller could terminate the contract. We see the issue as whether the statute of limitations was tolled when the default notice was given in August of 1983, or whether it continued to run its full six years ending March 5, 1984, twenty-two days before Western Bank took delivery of the special warranty deeds. We hold that, where no action on the contracts was possible until thirty days after a notice of default, the statute of limitations was suspended for thirty days following the notice. *See Niemczyk v. Pawlak*, 98 Misc.2d 532, 414 N.Y.S.2d 285 (1979) (where a statutory prohibition against commencing suit within thirty days of demand was held to effect a tolling of the statute of limitations for thirty days following demand). The six-year limitation would have run on April 4, 1984, eight days after the contracts were terminated. Further, under contract obligations payable by installments, the statute would have begun to run only with respect to each installment when due. The statute would have begun to run with respect to the whole indebtedness only from the date of an exercise of the option to declare the whole indebtedness due. *See* 51 Am. Jur.2d, *Limitations of Actions* § 133, n. 11 (1980). Had Western Bank elected to bring suit in order to accelerate payments rather than having terminated the contracts on March 27, 1984, the statute would have run only on the installment due March 5, 1978. There was no impediment, however, to the election to terminate the contracts after the unpaid installments remained due for more than thirty days following demand.

Based upon the foregoing discussion, the judgment of the district court is affirmed.

IT IS SO ORDERED.

SCARBOROUGH, C.J., and WALTERS, J., concur.