**Chester JEFFERS and Betty Ann Jeffers, Plaintiffs,**

**v.**

**Robert L. BUTLER, A.R. Eatinger, individually and as partners d/b/a Four Hills Self Storage, Defendants.**

**No. 89–682–M Civil.**

United States District Court, D. New Mexico.

May 14, 1990.

Garcia Law Firm, Narciso Garcia, Jr., Albuquerque, N.M., for plaintiffs.

Modrall, Sperling, Roehl, Harris & Sisk, P.A., Benjamin Silva, Jr., George R. McFall, Albuquerque, N.M., for defendants.

## MEMORANDUM OPINION
## AND ORDER

MECHEM, Senior District Judge.

This matter came on for consideration on defendants' motion for summary judgment. Having considered the motion, the response, and being otherwise fully advised in the premises, I find that defendants' motion is well taken and it will be granted.

### Background

Plaintiffs and defendants entered into a written employment contract in 1982. Defendants terminated the contract in 1987 after 30–days notice in accordance with the written terms of the contract. Plaintiffs bring this lawsuit alleging breach of contract, wrongful discharge, intentional infliction of emotional distress, and breach of a covenant of good faith and fair dealing. Plaintiffs' claims of interference with contractual relations, libel, and slander were previously dismissed.

Plaintiffs' breach of contract claim is based on a written contract and on the alleged breach of oral promises that defendants would deduct federal and state income taxes and social security from plaintiffs' monthly compensation and that defendants would provide workmen's compensation insurance coverage. Plaintiffs allege in their wrongful discharge claim that they were terminated in retaliation for reporting defendants' failure to make deductions to the Social Security Administration and the Internal Revenue Service. Defendants argue that all terms of the written contract were met, that plaintiffs' breach of oral contract claim is barred by the statute of limitations, and that New Mexico does not recognize a cause of action for wrongful discharge in this case, making summary judgment appropriate.

### Discussion

The undisputed material facts establish that defendants complied with every term of the written contract. Therefore, no material issue exists regarding the written contract. Summary judgment is therefore appropriate and that portion of plaintiffs' claim is dismissed. *Celotex Corp. v. Ca-trett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

It is also undisputed that plaintiffs were aware no later than March of 1982 that defendants refused to deduct state and federal taxes and social security from plaintiffs' paychecks. In fact, plaintiffs initially sought redress from the Social Security Administration and the Internal Revenue Service in 1982. It is also undisputed that plaintiffs were aware no later than the end of 1984 that defendants did not provide workmen's compensation insurance. Plaintiffs did not file their lawsuit until 1989.

Claims founded upon unwritten contracts must be brought within four years of the date the cause of action accrues. N.M. Stat.Ann. § 37–1–4 (1978). A cause of action for a breach of contract accrues at the time of the breach. *Welty v. Western Bank of Las Cruces,* 106 N.M. 126, 128, 740 P.2d 120, 122 (1987). Plaintiffs argue that defendants had a continuing statutory duty to make the deductions at issue and that defendants' failure to do so constitutes a continuing wrong that occurred on each day of the employment relationship. Because plaintiffs were terminated in April 1987, they argue that their cause of action accrued as late as 1987. Plaintiffs cite no authority for this proposition.

New Mexico has recognized, in the context of tort liability, that a continuing harm gives rise to a new cause of action each time an injury occurs. *Valdez v. Mountain Bell Telephone Co.,* 107 N.M. 236, 755 P.2d 80 (Ct.App.1988). However, in the context of a claim for a breach of contract, New Mexico law is clear that the cause of action accrues at the time of the breach. *Welty, supra.* I, therefore, find that plaintiffs' breach of contract claim is barred by the statute of limitations and is, therefore, dismissed.

As for plaintiffs' wrongful discharge claim, the written contract provided that it could be terminated by either party upon 30–days notice. Plaintiffs do not contend that defendants failed to give thirty-days notice. Rather, plaintiffs claim that their termination was motivated by bad faith and malice and was not based on good cause. New Mexico has recognized a cause

of action in tort for an employee wrongfully discharged in violation of a clear public policy. *Vigil v. Arzola,* 102 N.M. 682, 699 P.2d 613 (Ct.App.1983), overruled in part on other grounds *Chavez v. Manville Products Corp.,* 108 N.M. 643, 650, 777 P.2d 371, 378 (1989). This cause of action is an exception to the "terminable at will" rule and arises where an at will employee is terminated in violation of a public policy. *Id.* at 688, 699 P.2d at 619. Therefore, for purposes of plaintiffs' claim for wrongful discharge, I assume that plaintiffs were at will employees.

To recover under this cause of action, plaintiffs must demonstrate that they were discharged because they performed an act that public policy has authorized or would encourage. *Id.* at 689, 699 P.2d at 620. "A sufficient nexus must exist between the public policy asserted by the employee and the reasons for his or her discharge." *Id.* Plaintiffs have the burden to prove that their claim comes within the "strict confines of a legitimate public policy exception." *Maxwell v. Ross Hyder Motors, Inc.,* 104 N.M. 470, 473–474, 722 P.2d 1192, 1195–96 (Ct.App.1986). A "mere wrongdoing on the part of the employer, without a sufficient public policy nexus is insufficient to state a claim." *Id.* at 473, 722 P.2d at 1195.

Plaintiffs point to a statutory duty on the part of their employer to withhold income taxes and social security and their action in reporting a breach of that duty as the type of public policy contemplated by the court of appeals when it adopted the tort of retaliatory discharge. However, merely pointing to such a statutory duty on the part of an employer, does not mean that they have identified a clearly mandated public policy for purposes of the tort of wrongful discharge. "Even where, as here, a statutory touchstone has been asserted, we must still inquire whether the discharge is against public policy and effects a duty which inures to the benefit of the public at large rather than to a particular employer or employee." *Foley v. Interactive Data Corp.,* 47 Cal.3d 654, 254 Cal. Rptr. 211, 217, 765 P.2d 373, 379 (1988).

The withholding of income tax and social security inures to the benefit of plaintiffs rather than to the public at large and thus does not give rise to the tort of wrongful discharge. New Mexico courts construing New Mexico law have refused to recognize claims of retaliatory discharge where the statutes involved are for the benefit of an individual and provide a remedy. *E.g., Williams v. Amex Chemical Corp.,* 104 N.M. 293, 720 P.2d 1234 (1986) (claim for retaliatory discharge will not lie where employee discharged for exercising rights under the Worker's Compensation Act). Plaintiffs must obtain redress by applying to the Internal Revenue Service and the Social Security Administration as they have already done. Plaintiffs' claim for wrongful discharge must, therefore, be dismissed for failure to show a violation of a clearly mandated public policy.

Plaintiffs acknowledge that their claim for breach of implied covenant of good faith and fair dealing exists under their breach of contract claim and is not a separate count. Likewise, plaintiffs' acknowledge that their claim for emotional distress is recoverable under their wrongful discharge claim and is not a separate count. Therefore, having dismissed plaintiffs' breach of contract and wrongful discharge claims, plaintiffs' claims for breach of good faith and emotional distress are also dismissed with prejudice.

IT IS SO ORDERED.