226

2005-NMSC-007

109 P.3d 765

**Caroline C. ROBERTS, Plaintiff–Appellant,**

v.

**Bill RICHARDSON, Governor of the State of New Mexico, Defendant–Appellee.**

No. 28,599.

Supreme Court of New Mexico.

March 10, 2005.

Tax, Estate & Business Law, N.A., L.L.C., Thomas Smidt, II, Thomas Smidt, III, Albuquerque, NM, for Appellant.

Office of the Governor, Eugene I. Zamora, Hilary Chandler Tompkins, Santa Fe, NM, for Appellee.

## OPINION

CHÁVEZ, Justice.

{1} In this case, Appellant Caroline Roberts appeals the district court's Order upholding Governor Bill Richardson's decision to replace her on the New Mexico Public Accountancy Board ("Accountancy Board").[1] We affirm the district court on this point because Appellant's term on the Accountancy Board expired December 31, 2002, making Appellant a "holdover" appointee until her successor was duly appointed and qualified. *See* NMSA 1978, § 61–28B–4(B) (2003). Appellant also challenges the district court's denial of her Motion for Order Compelling Clerk to Process Excusal, contending that her peremptory excusal was timely filed. We affirm the district court on this point because Appellant filed her peremptory election to excuse more than ten days after the filing of her complaint, the point at which Appellant was first notified of the judge assigned to hear her case.

---

1. Appellant filed an appeal with the Court of Appeals, which certified the matter to this Court as involving a matter of substantial public interest under NMSA 1978, Section 34–5–14(C)(2) (1972).

*Appellant's Notice of Excusal of Judge
Conway was Not Timely*

█ {2} The procedure for a party plaintiff to file a peremptory excusal of a district court judge is governed by Rule 1–088.1 NMRA 2005. Subsection (B) provides in relevant part:

The peremptory election to excuse must be:

(1) signed by a party plaintiff or that party's attorney and filed within ten (10) days after the latter of:

(a) the filing of the complaint; or

(b) mailing by the clerk of notice of assignment or reassignment of the case to a judge[.]

{3} Appellant filed her complaint on March 14, 2003, at which time the clerk stamped the summons with the name of Judge Susan Conway, indicating Judge Conway was the judge assigned to hear the case. Appellant filed her Notice of Excusal of Judge Conway on April 15, 2003. The Court Clerk refused to honor the Notice of Excusal and wrote at the bottom, "not processed, untimely." On May 13, 2003, Appellant filed a Motion for Order Compelling Clerk to Process Excusal.

{4} In her motion and on appeal, Appellant claims the notice was timely because at the time she filed her Notice of Excusal, the Court Clerk had not mailed a notice of judge assignment as contemplated by Rule 1–088.1(B)(1). Appellant contends the rule provides that a plaintiff has until the latter of the filing of the complaint or mailing by the clerk of a notice of judge assignment in which to file a peremptory excusal of a judge. According to Appellant, because the Clerk had not mailed a notice of judge assignment at the time Appellant filed her Notice of Excusal, the Notice fulfilled the Rule 1–088.1(B)(1) time requirements, and it was not relevant that the Notice was filed more than ten days after filing the complaint. Appellant's argument is without merit.

█ {5} "Rules of statutory construction are applied when construing rules of procedure adopted by the Supreme Court." *Walker v. Walton*, 2003–NMSC–014, ¶ 8, 133 N.M. 766, 70 P.3d 756. The procedural rules

must "be construed and administered to secure the just, speedy and inexpensive determination of every action." Rule 1–001NMRA 2005. In interpreting procedural rules, courts are to give each word meaning, as the courts are presumed not to have used any surplus words in the rules. *See State v. Doe*, 90 N.M. 776, 777, 568 P.2d 612, 613 (Ct.App.1977).

{6} The interpretation of Rule 1–088.1(B)(1) as argued by Appellant would render Rule 1–088.1(B)(1)(a) (time of filing a complaint) meaningless. Appellant conceded during oral argument there are no circumstances in which mailing a notice of judge assignment would precede the filing of a complaint. However, Appellant contends that to limit the ten-day rule from the time of filing the complaint would render Rule 1–088.1(B)(1)(b) (mailing by the clerk of notice of assignment) meaningless. We disagree. There are various circumstances that would require a court clerk to mail the parties a notice of judge assignment after a complaint has been filed. For example, the division to which the case was assigned could be vacant due to the resignation of a judge, or the case could be assigned to a pro tem judge who had not yet received an official appointment to the bench. Under such circumstances, the summons and/or complaint could not be stamped with the name of the judge to whom the case was assigned and the clerk would have to follow up with a notice of judge assignment. Rule 1–088.1(B)(1)(b) (mailing by the clerk of notice of assignment) would therefore not be meaningless.

{7} Additionally, there was no need in this case for the Clerk to mail additional notice since the judge had been assigned to the case on March 14, 2003 (the day the complaint was filed), and the parties received notice of this assignment via the summons on that same date. To construe Rule 1–088.1(B) as requiring a clerk to mail notice of the assignment of a judge even when the summons and/or complaint are stamped with the name of the judge to whom the case is assigned would be neither speedy nor inexpensive. Such a construction would contravene the purpose of Rule 1–001. Because Appellant was notified that Judge Conway was as-

signed to hear the case at the time the complaint was filed, Appellant had ten days from the filing in which to exercise her statutory right to file a peremptory election to excuse Judge Conway. Having filed more than ten days later, Appellant did not file a timely notice.

{8} We thank Appellant for bringing a possible ambiguity in Rule 1–088.1 to our attention. This issue will be submitted to the Committee overseeing the Rules of Civil Procedure for the District Courts so they may examine Rule 1–088.1 in light of the concerns expressed by Appellant. We request that the Committee make any recommendations it deems appropriate in light of this Opinion.

### *Appellant was Not Improperly Removed from the Accountancy Board*

{9} The Accountancy Board consists of seven members appointed by the Governor. NMSA 1978, § 61–28B–4(A) (2003). The terms are for three years and are to be staggered in such a manner that the terms of not more than three members expire on January 1 of each year. § 61–28B–4(B). The Governor may remove a member of the Accountancy Board for neglect of duty or other just cause. *Id.*

{10} Appellant was appointed to the Accountancy Board by then-Governor Gary Johnson on January 24, 2002, to fill an unexpired term. In his appointment letter, Governor Johnson stated that Appellant's appointment expired December 31, 2002. On October 10, 2002, Governor Johnson again wrote to Appellant notifying her that he was appointing her to the Accountancy Board for a three-year term to begin on December 31, 2002, notwithstanding the statutory language mandating that terms expire on January 1 of each year. *See id.* Governor Johnson left office on December 31, 2002.

{11} Bill Richardson assumed the office of Governor on January 1, 2003. On January 28, 2003, Governor Richardson wrote to Appellant advising her that he was removing her from the Accountancy Board for "sufficient cause." Appellant requested that Governor Richardson provide the specifics for her removal, which the Governor declined to do.

{12} Appellant contends that Governor Richardson could not remove her for just cause unless he specified the reasons giving rise to the just cause. Governor Richardson counters that he is not required to specify the basis for just cause and, in any event, as Appellant's term expired January 1, 2003, he had authority to appoint Appellant's successor to the Accountancy Board.

{13} Appellant was a "holdover," an appointee who continues her "tenure" in office beyond the official expiration of her "term." *Denish v. Johnson,* 1996–NMSC–005, ¶¶ 24, 46–49, 121 N.M. 280, 910 P.2d 914. In *Denish,* then-Governor Bruce King filled two mid-term vacancies on the Board of Regents for the New Mexico Institute of Mining and Technology. *Id.* ¶¶ 1–5. Governor King attempted to grant both appointees five-year terms, even though each term was constitutionally required to expire earlier under that Board's system of staggered terms. *See Id.* ¶¶ 5–6, 41 (construing N.M. Const. art. XII, § 13 and N.M. Const. art. XX, § 5). We held that the Governor's appointees could only serve for the remainder of time established for the unexpired terms. *Id.* ¶ 41.

{14} Similarly, Appellant could serve on the Accountancy Board only for the remainder of the unexpired term to which she was appointed. Governor Johnson did not have authority to appoint Appellant to a term beyond December 31, 2002. Therefore, Governor Richardson had authority to appoint Appellant's successor. Because we conclude that Appellant's term had expired and that Governor Richardson had authority to appoint her successor, we do not need to determine whether a governor must specify the basis for a "just cause" removal of a board member.

### *CONCLUSION*

{15} Appellant's Notice of Excusal was not valid because it was filed more than ten days after the filing of the complaint, the point at which she received notice of the judge assignment in this case. As Appellant's term on the Accountancy Board had expired, Governor Richardson was lawfully entitled to

appoint her successor. We therefore affirm the district court.

{16} **IT IS SO ORDERED.**

WE CONCUR: RICHARD C. BOSSON, Chief Justice, PAMELA B. MINZNER, PATRICIO M. SERNA, and PETRA JIMENEZ MAES, Justices.