## NATIONSTAR V. HICKERSON

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**NATIONSTAR MORTGAGE, LLC,**
**Plaintiff-Appellant,**
**v.**
**JOEL S. HICKERSON a/k/a JOEL SCOT HICKERSON a/k/a SCOT J. HICKERSON,**
**Defendant-Appellee**
**and**
**WELLS FARGO BANK, NATIONAL ASSOCIATION; BANK OF AMERICA, NA; and KIRSTEN HICKERSON,**
**Defendants.**

Docket No. A-1-CA-37318
COURT OF APPEALS OF NEW MEXICO
May 7, 2019

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY, Valerie A. Huling, District Judge

### COUNSEL

Tonn K. Petersen, Meridian, ID, Rose L. Brand & Associates, P.C., Jennifer L. Isom, Albuquerque, NM for Appellant

Joel S. Hickerson, Albuquerque, NM Pro Se Appellee.

### JUDGES

J. MILES HANISEE, Judge. WE CONCUR: M. MONICA ZAMORA, Chief Judge MEGAN P. DUFFY, Judge

**AUTHOR:** J. MILES HANISEE

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Plaintiff Nationstar Mortgage, LLC appeals from the district court's order granting Defendant Joel Hickerson's (Hickerson) motion to dismiss and subsequent order

denying Plaintiff's motion for reconsideration. In this Court's notice of proposed disposition, we proposed to summarily reverse and remand based on apparent error with regard to each of the issues raised by Plaintiff. Defendant Hickerson, a self-represented litigant, filed a memorandum in opposition, which we have duly considered. Unpersuaded by the memorandum in opposition, we reverse and remand.

**{2}**     In his memorandum in opposition, Hickerson essentially argues that we should affirm the district court because Plaintiff did not have standing at the beginning of the case as the statute of limitations had run. First, this issue was not preserved with the district court, as acknowledged by Plaintiff in his memorandum in opposition. [MIO PDF 2 (noting that the district court granted his motion before he could raise the statute of limitations issue)] *See* Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked."); *Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("[O]n appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue[,]" and "[a]bsent that citation to the record or any obvious preservation, we will not consider the issue."); *see also State v. Nichols*, 2006-NMCA-017, ¶ 27, 139 N.M. 72, 128 P.3d 500 (reiterating that, "in order to preserve an error for appeal, it is essential that the ground or grounds of the objection or motion be made with sufficient specificity to alert the mind of the trial court to the claimed error or errors, and that a ruling thereon then be invoked" (alteration, internal quotation marks, and citation omitted)).

**{3}**     Second, even if the issue had been properly preserved [*See* MIO PDF] (noting that "I did claim the Statute of Limitations law at the end of the case")], the facts as presently known by this Court do not indicate that the statute of limitations warrants dismissal of the action, either in part or in whole. *See Welty v. W. Bank of Las Cruces*, 1987-NMSC-066, ¶ 9, 106 N.M. 126, 740 P.2d 120 (holding that, "where no action on the contracts was possible until thirty days after a notice of default, the statute of limitations was suspended for thirty days following the notice"); *see also id.* (stating that "the statute would have begun to run only with respect to each installment when due" and that "[t]he statute would have begun to run with respect to the whole indebtedness only from the date of an exercise of the option to declare the whole indebtedness due"); *LSF9 Master Participation Trust v. Sanchez*, 2019-NMCA-055, ¶ 12, 450 P.3d 413 (quoting *Welty* and reiterating the same).

**{4}**     Hickerson has presented this Court with no other facts, argument, or authority that persuade us that our proposed disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{5}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we reverse the district court's order granting Hickerson's motion to dismiss and subsequent order denying Plaintiff's motion for reconsideration, and remand for further consideration.

**{6}     IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**MEGAN P. DUFFY, Judge**