This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-36238**

**BANK OF AMERICA, NATIONAL ASSOCIATION,**

Plaintiff-Appellant,

v.

**JESUS E. MENDOZA,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Victor S. Lopez, District Judge**

Rose L. Brand & Associates, P.C.
Eraina M. Edwards
Albuquerque, NM

for Appellant

Jesus E. Mendoza
Albuquerque, NM

Pro Se Appellee

**MEMORANDUM OPINION**

**ATTREP, Judge.**

**{1}** In this mortgage foreclosure proceeding, Bank of America, N.A. (the Bank) appeals from the district court's order denying the Bank's motion for default judgment and dismissing the Bank's complaint as barred by the statute of limitations. The Bank asserts numerous errors, including that the district court erred by (1) sua sponte raising a statute of limitations defense, (2) dismissing the action without providing the Bank with notice and an opportunity to be heard, and (3) concluding the applicable statute of

limitations was not tolled by the Bank's default notice. We agree with the Bank on its third claim of error and, accordingly, reverse and remand.[1]

## BACKGROUND

**{2}** Mr. Jesus E. Mendoza executed and delivered to the Bank a note for a principal sum bearing interest. He also executed a mortgage on real property in favor of the Bank as security for repayment of the debt evidenced by the note. Mendoza later failed to make timely payments and defaulted on his agreements with the Bank. Some years later, the Bank filed the foreclosure complaint at issue in this appeal.

**{3}** Mendoza was served by publication but did not appear or respond to the complaint. Consequently, the Bank filed a motion for default judgment, and the district court held a hearing on the motion, at which Mendoza did not appear. During the hearing, the court sua sponte questioned whether the action was barred by the statute of limitations. The Bank's counsel agreed to brief the statute of limitations issue. After considering the Bank's supplemental brief, the court issued an order concluding the applicable statute of limitations barred the action and consequently denied the motion for default judgment and dismissed the complaint. The Bank appealed. Mendoza has not appeared in this Court or filed an answer brief. We accordingly decide this case based on the Bank's submission.

## DISCUSSION

**{4}** Where, as here, the facts relevant to a statute of limitations issue are undisputed, we review de novo whether the district court correctly applied the law to the undisputed facts. *LSF9 Master Participation Tr. v. Sanchez*, 2019-NMCA-055, ¶ 10, 450 P.3d 413. To the extent that our review requires interpretation of the relevant contracts, i.e., the note and mortgage, our review is likewise de novo. *Rivera v. Am. Gen. Fin. Servs.*, 2011-NMSC-033, ¶ 27, 150 N.M. 398, 259 P.3d 803.

**{5}** The statute of limitations applicable to a breach of contract action such as this one is six years. NMSA 1978, § 37-1-3(A) (1975, amended 2015) (establishing a six-year limitations period for actions "founded upon any bond, promissory note, bill of exchange or other contract in writing, or upon any judgment of any court not of record"). "In a breach of contract action, the statute of limitations begins to run from the time of the breach." *Welty v. W. Bank of Las Cruces*, 1987-NMSC-066, ¶ 8, 106 N.M. 126, 740 P.2d 120. Here, the breach occurred on June 1, 2009, the date Mendoza first defaulted

---

1 While we need not and do not reach the other claims of error, we caution the district court against sua sponte raising, advancing, and disposing of a case based on a waivable affirmative defense. *See Chavez v. Kitsch*, 1962-NMSC-122, ¶ 10, 70 N.M. 439, 374 P.2d 497 (noting that the defense of statute of limitations should be set forth affirmatively, and generally such defense is waived if not asserted in a responsive pleading); *see also Arizona v. California*, 530 U.S. 392, 412-13 (2000) (observing that "trial courts must be cautious about raising a preclusion bar sua sponte, thereby eroding the principle of party presentation so basic to our system of adjudication").

on his agreements with the Bank.[2] Ordinarily, the six-year limitations period would expire on June 1, 2015—eight days before the Bank filed its complaint on June 9, 2015.

**{6}** The Bank below and on appeal, however, argues that the limitations period was tolled for thirty days based on our Supreme Court's holding in *Welty*. *Welty* considered whether Section 37-1-3(A) barred a bank's action to terminate certain real estate contracts when the action was brought six years and twenty-two days after the default. 1987-NMSC-066, ¶¶ 8-9. Each contract permitted the seller bank, upon default, to terminate the contract or accelerate the payments, but not within the thirty-day period following the bank's written demand for payment. *Id.* ¶¶ 3, 9. *Welty* held that, "where no action on the contracts was possible until thirty days after a notice of default, the statute of limitations was suspended for thirty days following the notice." *Id.* ¶ 9. Since the bank's action was brought within six years and thirty days after default, Section 37-1-3(A) did not bar the action. *Id.*

**{7}** As with the contracts in *Welty*, Mendoza's mortgage establishes a thirty-day period following notice of default during which the Bank may not accelerate the loan or initiate a foreclosure action.[3] As noted by the Bank, such a notice provision is mandated by NMSA 1978, Section 58-21A-6(A) (2009), of the Home Loan Protection Act (HLPA), NMSA 1978, §§ 58-21A-1 to -14 (2003, as amended through 2009). In compliance with HLPA and the mortgage loan documents, the Bank sent a default notice on October 21, 2009.[4] The notice stated that Mendoza breached the terms of his mortgage loan documents and was in default by failing to make required monthly payments. It further specified November 20, 2009, as the date on or before which Mendoza was required to cure the default. According to the terms of the mortgage loan documents and the reasoning in *Welty*, the Bank was barred from bringing a judicial action against Mendoza during this thirty-day period and the statute of limitations was likewise tolled during this period. *See* 1987-NMSC-066, ¶ 9.

---

2 The Bank contends it was error for the district court to use June 1, 2009, as the default date. The Bank, however, plainly represented to the district court in its supplemental brief that, "The Default Date in this matter was June 1, 2009," and cannot now be heard on appeal that the court's consistent finding therewith was error. *See Cty. of Los Alamos v. Martinez*, 2011-NMCA-027, ¶ 16, 150 N.M. 326, 258 P.3d 1118 ("Facts stipulated to are not reviewable on appeal." (internal quotation marks and citation omitted)); *Cordova v. Taos Ski Valley, Inc.*, 1996-NMCA-009, ¶ 13, 121 N.M. 258, 910 P.2d 334 ("A party who has contributed, at least in part, to perceived shortcomings in a trial court's ruling should hardly be heard to complain about those shortcomings on appeal.").

3 The note contains a similar default notice of default provision, providing that the Bank "may send [the borrower] a written notice[.]"

4 Relying on a single provision in the note, the district court determined that Mendoza waived his right to notice, and, as a result, the default notice in this case had no tolling effect. We conclude the district court's interpretation of the mortgage loan documents was erroneous. The district court gave effect to a solitary sentence in the note to the detriment of the notice provisions in the mortgage and note. Such an interpretation runs contrary to the well-established maxim that we must give effect to every contractual provision if at all possible and was in error. *See Pub. Serv. Co. of N.M. v. Diamond D Constr. Co.*, 2001-NMCA-082, ¶ 19, 131 N.M. 100, 33 P.3d 651 ("[W]e view the contract as a harmonious whole, give meaning to every provision, and accord each part of the contract its significance in light of other provisions. We will not interpret a contract such that our interpretation of a particular clause or provision will annul other parts of the document, unless there is no other reasonable interpretation." (citations omitted)).

**{8}**     The district court, however, came to a different conclusion, finding *Welty* inapposite because, inter alia, *Welty* involved a real estate contract and this case, by contrast, involves a mortgage foreclosure. While we appreciate the distinction, we do not agree with the district court that it makes *Welty* inapplicable in this case. First, the default notice here is in all relevant respects similar to the default notice in *Welty*. *See id.* ¶¶ 3, 9. Second, *Welty*'s holding did not depend on the fact that the default notice arose in a real estate contract. *See id.* ¶ 9 (relying on out-of-state case construing statutory provision in concluding contractual notice provision had tolling effect). And finally, this Court has subsequently applied *Welty* in a mortgage foreclosure action. *See Sanchez*, 2019-NMCA-055, ¶¶ 12-13 (applying *Welty*'s holding relating to installment contracts to a foreclosure action). We are persuaded *Welty* is applicable to this case, and thus the statute of limitations was tolled for the thirty-day period "where no action on the contracts was possible[.]" 1987-NMSC-066, ¶ 9. As a result, the limitations period expired on July 1, 2015, six years and thirty days after the default, and the Bank's June 9, 2015, complaint was timely filed. The district court's conclusion to the contrary was error.

**CONCLUSION**

**{9}**     For the foregoing reasons, we reverse the district court's order denying the Bank's motion for default judgment and dismissing the complaint, and we remand for the district court to reinstate the action and for further proceedings consistent with this opinion.

**{10}   IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**BRIANA H. ZAMORA, Judge**