This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-36879**

**PEDRO MORENO,**

 Plaintiff,

v.

**BANK OF AMERICA, N.A.; BAC HOMELOANS SERVICING, LP f/k/a COUNTRYWIDE HOME LOANS SERVICING, LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and REALTY MORTGAGE CORPORATION,**

 Defendants,

and

**LSF9 MASTER PARTICIPATION TRUST,**

 Plaintiff-Appellant,

v.

**PEDRO MORENO SR.,**

 Defendant-Appellee,

and

**QUALITY GENERAL PAINTING INC.; BANK OF AMERICA, N.A.; NEW MEXICO TAXATION AND REVENUE DEPARTMENT; and OCCUPANTS OF THE PROPERTY,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Victor S. Lopez, District Judge**

McCarthy Holthus, LLP
Joshua T. Chappell
Karen H. Weaver
Albuquerque, NM

for Appellant

Cravens Law LLC
Richard H. Cravens, IV
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}**     Plaintiff LSF9 Master Participation Trust appeals the district court's order denying its motion to reconsider its decision dismissing Plaintiff's entire complaint for foreclosure as barred by the applicable statute of limitations. Plaintiff raises four issues contending that the district court erred in: (1) granting Defendant Pedro Moreno's motion for leave to amend his answer to assert the statute of limitations as an affirmative defense; (2) dismissing Plaintiff's entire complaint as barred by the statute of limitations; (3) refusing to conclude the statute of limitations was tolled during the thirty days after Plaintiff sent Defendant a demand letter required by the terms of the contract and applicable law; and (4) concluding Plaintiff was judicially estopped from arguing Defendant's statute of limitations defense had been waived. We affirm the district court's grant of leave to amend; reverse the district court's rulings with regard to the statute of limitations and, to the extent the district court made such a ruling, estoppel; and remand for further proceedings.

**DISCUSSION**

**I.     Leave to Amend**

**{2}**     Plaintiff argues that the district court erred when it granted Defendant leave to amend his answer to assert the statute of limitations as a defense. "This Court reviews the denial of a motion for leave to amend for an abuse of discretion. An abuse of discretion occurs when the court exceeds the bounds of reason, all the circumstances before it being considered." *Krieger v. Wilson Corp.*, 2006-NMCA-034, ¶ 24, 139 N.M. 274, 131 P.3d 661 (internal quotation marks and citations omitted). In considering

whether the district court abused its discretion in this regard, we are mindful of the district court's inherent authority to control its docket. *See Belser v. O'Cleireachain*, 2005-NMCA-073, ¶ 3, 137 N.M. 623, 114 P.3d 303 ("[T]he district court has the inherent power to control its docket, which is the power to supervise and control the movement of all cases on its docket from the time of filing through final disposition." (internal quotation marks and citation omitted)).

**{3}**    In its December 19, 2016, second amended scheduling order, the district court sua sponte granted both parties leave to amend their pleadings for thirty days. Plaintiff did not object to this leave period and does not argue on appeal that the leave period was improper. Defendant failed to amend his answer within this timeframe, and instead moved for leave to amend on February 24, 2017, contending that he wished to assert the statute of limitations as a defense to the foreclosure action. The district court granted Defendant's request for leave to amend, stating that "amendment should be freely allowed where justice so requires, and it is otherwise justified under the circumstances of this case to conform to the evidence," invoking Rule 1-015(A), (B) NMRA.

**{4}**    Pursuant to Rule 1-015(A), leave to amend pleadings "shall be freely given when justice requires." "[A]mendment should be allowed in the absence of a showing of dilatory faith, undue delay, bad motive on the part of the movant, repeated failure to cure deficiencies by previous amendments, undue prejudice to opposing party, or futility of the amendment." *Krieger*, 2006-NMCA-034, ¶ 24. In the present case, approximately thirty-six days had passed from the time the district court allowed both parties to amend their pleadings and the time Defendant requested leave to amend. During this period, it appears very little occurred in the case aside from the briefing on the statute of limitations issue. While Plaintiff argues that it was prejudiced by the delay, claiming that Defendant "wasted the resources of both Plaintiff and the [district] court[,]" and that "[i]t was extremely prejudicial to Plaintiff for Defendant to be allowed to amend after Plaintiff had already served written discovery, filed a [m]otion for [s]ummary [j]udgment, and closed briefing on its [m]otion for [s]ummary [j]udgment[,]" it fails to point to any actual prejudice suffered as a result of the passage of an additional thirty-six days. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."); *cf. Magnolia Mountain Ltd. P'ship v. Ski Rio Partners, Ltd.*, 2006-NMCA-027, ¶ 33, 139 N.M. 288, 131 P.3d 675 (stating that, in the context of laches, although a party who loses "is always 'prejudiced' in the sense that he or she suffers harm[,] . . . the prejudice alleged must be a result of the delay itself, not merely a result of the suit being brought or the [party] losing"). We therefore conclude that the district court did not abuse its discretion in granting Defendant leave to amend his answer, pursuant to Rule 1-015(A).

**{5}**    Plaintiff additionally argues the grant of leave was in error because Defendant failed to establish excusable neglect. In support of its excusable neglect argument, Plaintiff cites to Rule 1-006 NMRA, which governs extensions of time. However, although the time frame set forth in the second amended scheduling order had expired, there was no indication by the district court or its orders that the parties were not entitled

to seek another extension of time within which to amend their pleadings. Moreover, Defendant did not seek to amend his answer, pursuant to the general Rule 1-006 addressing extensions of time, but sought leave pursuant to Rule 1-015 specifically addressing amendments of pleadings. *See* Rule 1-015(A) (mandating that "leave shall be freely given when justice requires"); *see also Albuquerque Commons P'ship v. City Council of City of Albuquerque*, 2011-NMSC-002, ¶ 23, 149 N.M. 308, 248 P.3d 856 ("When faced with two provisions addressing the same topic, we resort to a familiar principle of statutory construction: a statute dealing with a specific subject will be considered an exception to, and given effect over, a more general statute." (internal quotation marks and citation omitted)); *Roberts v. Richardson*, 2005-NMSC-007, ¶ 5, 137 N.M. 226, 109 P.3d 765 ("Rules of statutory construction are applied when construing rules of procedure adopted by the Supreme Court." (internal quotation marks and citation omitted)).

**{6}** Plaintiff also contends that "Defendant, or his counsel, appear to have engaged in dilatory faith," referencing the law setting forth the factors to be considered for excusable neglect in the Rule 1-006 context. However, Plaintiff's bare assertion, without an explanation as to how this concept exists or should be applied in our current jurisprudence on amending pleadings, is not sufficiently developed for appellate review, and we decline to develop this argument for counsel. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted); *Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed.").

**{7}** Finally, we briefly address Plaintiff's argument that Rule 1-015(B) was an improper basis on which the district court relied in granting Defendant leave to amend. Although the district court appears to have relied on Rule 1-015(B) in its order dismissing the case, we need not analyze whether this was improper because the leave could have been properly granted under Rule 1-015(A). *See Cordova v. World Fin. Corp. of N.M.*, 2009-NMSC-021, ¶ 18, 146 N.M. 256, 208 P.3d 901 ("[I]t is established law that our appellate courts will affirm a district court's decision if it is right for any reason, so long as the circumstances do not make it unfair to the appellant to affirm."). Accordingly, we affirm the district court's order granting Defendant leave to amend his answer.

## II.    Statute of Limitations as Applied to Installment Contracts

**{8}** Plaintiff argues that the district court erred in dismissing its entire complaint as barred by the statute of limitations when the contract upon which the complaint was based was an installment contract. Plaintiff filed its complaint for foreclosure on December 11, 2015, alleging that Defendant first defaulted under the terms of a note and mortgage beginning November 1, 2009—six years and forty-one days prior to the filing of the complaint. The district court concluded that "the statute of limitation[s] began to run on November 1, 2009, and it expired six years later on November 1, 2015." *See* NMSA 1978, § 37-1-3(A) (1974, amended 2015) (establishing a six-year limitations

period for actions "founded upon any bond, promissory note, bill of exchange or other contract in writing"). Because "Plaintiff . . . failed to file its complaint . . . within the [six]-year statute of limitations," the district court dismissed the complaint in its entirety. Plaintiff thus argues that "the statute of limitations began to run as to each payment separately when . . . Defendant defaulted on November 1, 2009[,]" and thus it was error for the district court to dismiss the entire complaint as barred by the statute of limitations when the complaint was timely filed with respect to the vast majority of payments. We agree.

**{9}**     This Court considered this very question in *LSF9 Master Participation Trust v. Sanchez*, 2019-NMCA-055, ¶¶ 11-13, 450 P.3d 413. In *Sanchez*, we concluded that a note and mortgage with payments structured to be paid in monthly installments constituted an "installment contract" for statute of limitations purposes. *Id.* ¶¶ 2, 12. We held, "[i]n the context of an installment contract, like the note in this case, . . . the statute of limitations defined in Section 37-1-3(A) would have begun to run only with respect to each installment when due." *Sanchez*, 2019-NMCA-055, ¶ 12 (alteration, internal quotation marks, and citations omitted).

**{10}**     Likewise, in the present case, the note establishes Defendant's promise to pay a set amount of principal; fixes an interest; and establishes a schedule for Defendant's periodic, monthly payments in a set payment amount that will continue for a fixed number of years. As such, the note and mortgage constitute an installment contract, each missed payment constituted a new breach of that contract, and the statute of limitations began to run separately on the date of each individual breach. *See id.* Accordingly, we conclude the district court erred in dismissing Plaintiff's entire claim as barred by the applicable statute of limitations and remand for the district court to reinstate claims that were timely filed.

### III.     Tolling of the Statute of Limitations

**{11}**     Plaintiff argues that the statute of limitations was tolled for thirty days after it sent Defendant a notice of default as required by the terms of the note and the Home Loan Protection Act (HLPA). *See* NMSA 1978, § 58-21A-6(A) (2009) ("Before an action is filed to foreclose or collect money due pursuant to a home loan . . ., the creditor or creditor's assignee of the loan shall deliver to the borrower a notice of the right to cure the default[.]"). We note that, though fully raised by Plaintiff below, it does not appear the district court specifically ruled on this issue when it dismissed Plaintiff's complaint. We address it because Plaintiff fairly raised the issue with the district court and because the issue is likely to present itself again on remand. *See, e.g.*, *Atherton v. Gopin*, 2015-NMCA-003, ¶ 39, 340 P.3d 630 (addressing issues raised by the parties on appeal notwithstanding the fact that it was not strictly necessary to do so because the issue seemed likely to recur following remand).

**{12}**     In the present case, Plaintiff sent Defendant a notice of default on April 29, 2010. Such notice was required by both the terms of the note and Section 58-21A-6(A)(3). *See id.* (requiring a creditor to provide at least thirty days after a notice of default for a

borrower to cure a default prior to foreclosing or collecting any money due under a home loan).

**{13}** In *Welty v. Western Bank of Las Cruces*, our Supreme Court considered the effect of a similar default notice in the context of a real estate contract. 1987-NMSC-066, ¶ 9, 106 N.M. 126, 740 P.2d 120. There, the contract provided that no action for breach of contract could be brought in the thirty days after a notice of default. The Supreme Court held that "where no action on the contracts was possible until thirty days after a notice of default, the statute of limitations was suspended for thirty days following the notice." *Id.* Because the default notice in the present case is similar to the provision in *Welty* in that it required Plaintiff to provide Defendant thirty days to cure any default, we conclude the statute of limitations was tolled during the thirty days subsequent to the notice of default. *See id.*; *see also Sanchez*, 2019-NMCA-055, ¶¶ 11-13 (applying principles outlined in *Welty* to a mortgage foreclosure action).

**{14}** Defendant nonetheless argues "[this Court] recently held that providing [n]otice and the [r]ight to [c]ure pursuant to [the] HLPA is not an impediment to filing suit in foreclosure so there is no [thirty]-day tolling for mortgage note cases as there is in *Welty*." In so arguing, Defendant relies on *New Mexico Bank & Trust v. Lucas*, No. A-1-CA-35486, mem. op. (N.M. Ct. App. Feb. 6, 2019) (non-precedential). Defendant's reliance on this non-precedential memorandum opinion is inapposite as *Lucas* did not involve an issue of statute of limitations, but instead analyzed Section 58-21A-6 and held that failure to comply with the notice requirements in the statute did not bar commencement of a foreclosure lawsuit. *Lucas*, No. A-1-CA-35486, mem. op. ¶¶ 26-27. Moreover, even if the HLPA, on its own, would not toll the statute of limitations, the cure provision in the note itself requires the tolling. Accordingly, we conclude that the statute of limitations was tolled in the thirty days after the notice of default was sent.

## IV.     Judicial Estoppel

**{15}** Plaintiff additionally argues that the district court "erred by holding that Plaintiff was barred or estopped from arguing Defendant's statute of limitations defense [was] waived." Because it appears that the district court did, in fact, consider Plaintiff's statute of limitations arguments, this does not appear to be a basis upon which the district court dismissed the case. Nonetheless, we address the argument in the event the district court's dismissal was, in part, based on its misunderstanding in this regard.

**{16}** In his original answer to Plaintiff's complaint, Defendant asserted various cross-claims and counterclaims, which were dismissed after the district court sua sponte raised the defense of statute of limitations. Later, in its order dismissing Plaintiff's claims, the district court stated:

> The December [13, 2016, o]rder dismissed [Defendant's] misrepresentation claim, based on the passage of the statute of limitations, but this defense was not raised by [Plaintiff], it was raised by the [district c]ourt sua sponte; Plaintiff . . . relied on the [district c]ourt's

review of the facts adduced during motions practice to dismiss claims on statute of limitations grounds against it, but objects now to the [district c]ourt's similar reliance on the record to consider the same defense which does not favor its interests.

Subsequently, the district court concluded Plaintiff's foreclosure claim was barred by the statute of limitations. Plaintiff argues that this statement by the district court indicates that it may have applied principles of judicial estoppel to decline consideration of Plaintiff's argument that the statute of limitations defense had been waived in this case, and argues that application of judicial estoppel under these facts was improper. To the extent that the district court did, in fact, invoke the doctrine of judicial estoppel and declined to consider Plaintiff's arguments that Defendant's statute of limitations defense was waived, we hold such action was error.

**{17}** "Judicial estoppel is a doctrine that prevents a party who has successfully assumed a certain position in judicial proceedings from then assuming an inconsistent position, especially if doing so prejudices a party who had acquiesced in the former position." *Santa Fe Pac. Tr., Inc. v. City of Albuquerque*, 2012-NMSC-028, ¶ 32, 285 P.3d 595 (internal quotation marks and citation omitted).

> Three elements must be addressed for a party to prevail under the doctrine of judicial estoppel. First, the party against whom the doctrine is to be used must have successfully assumed a position during the course of litigation. Second, that first position must be necessarily inconsistent with the position the party takes later in the proceedings. Finally, while not an absolute requirement, judicial estoppel will be especially applicable when the party's change of position prejudices a party who had acquiesced in the former position.

*Id.* (internal quotation marks and citation omitted).

**{18}** In this case, the record indicates that Plaintiff did not take a position on the district court's sua sponte invocation of the statute of limitations defense as related to Defendant's cross-claims and counterclaims. Plaintiff's motion to dismiss the claims did not include the statute of limitations as a defense, and there is no indication that Plaintiff argued in support of the district court's sua sponte raising of the issue. As such, the first element of judicial estoppel has not been met. To the extent the district court concluded Plaintiff was judicially estopped from arguing that Defendant waived the statute of limitations defense, we find that conclusion was error. *See Johnson v. Yates Petroleum Corp.*, 1999-NMCA-066, ¶ 22, 127 N.M. 355, 981 P.2d 288 (concluding that judicial estoppel did not apply when the party had not previously assumed a position regarding the relevant issue before the court).

**CONCLUSION**

**{19}** For the foregoing reasons, we affirm the district court's decision granting Defendant leave to amend his answer. We reverse the district court's dismissal of the entire complaint as barred by the statute of limitations and hold that the statute of limitations was tolled for thirty days after Plaintiff sent Defendant the notice of default. Finally, we hold that the district court erred to the extent it determined Plaintiff was judicially estopped from asserting that Defendant waived the statute of limitations defense. Accordingly, we remand for reinstatement of Plaintiff's complaint and further proceedings consistent with this opinion.

**{20}** **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Judge**

**JULIE J. VARGAS, Judge**